LIZZIE WASHINGTON, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—GENERAL VERDICT OF GUILTY ON INFORMATION CHARGING DISTINCT OFFENCES IN SEPARATE COUNTS—SENTENCE.

Where an information in separate counts charges two distinct and separate, but similar and kindred felonies, such as grand larceny of certain goods in one count, and the receiving and concealment of certain other goods knowing that they had been stolen in the other count, and there is a general verdict of guilty, the legal effect of such verdict is to convict the defendant of both of the separate crimes charged. In such a case the court may legally impose separate sentences as prescribed by law for each of said two offences, or the court may properly treat the conviction as being for the highest crime charged in the information, and impose one legal appropriate penalty therefor.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*J. I. Hollingsworth* and *Geo. U. Walker,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

TAYLOR, J.    The plaintiff in error was informed against in the Criminal Court of Record for Duval county, for the crime of larceny and receiving stolen goods knowing them to have been stolen.   There was but one information filed, but it contained two counts.   The first count charged the larceny of two skirts, *each* of the value of *sixteen* dollars of the property of P. N. Richardson; the second count charges her with feloniously having, receiving, buying and aiding in the concealment of two skirts the property of P. N. Richardson *each* of the value of *eight* dollars, aggregating sixteen dollars in value, well knowing that the same had before that been stolen, taken and carried away.   To this information she pleaded not guilty.   The trial resulted in the following verdict: "Jacksonville, Fla., Sept. 6th, 1905.   We the jury find the defendant guilty."   Upon this verdict the defendant was sentenced to imprisonment in the State prison for the period of one year, and from this judgment seeks relief here by writ of error.

The errors assigned are:   1st.   That the court erred in overruling the defendant's motion in arrest of judgment.

2nd. That the verdict of the jury was indefinite and left the court to elect which count he would apply the verdict to.

The motion in arrest of judgment was upon the following grounds: "Because the information upon which she was tried charges her in two separate counts with different offenses to which different penalties are attached by law, to-wit: In the first count defendant is charged with petit larceny which is a misdemeanor punishable by imprisonment in the county jail, or by fine; and in the second count she is charged with buying, receiving or aiding in the concealment of stolen property, which is a felony punishable by imprisonment in the State prison, or by fine, the maximum fine being $500 and maximum fine under the first count being $100; and because no valid sentence of the law can be passed against defendant upon said information."

There was no error in the denial of this motion in arrest of judgment. There is no repugnancy or inconsistency between the two counts of the information, as there was in the case of Butler and Chapman v. State, 25 Fla. 347, 6 South. Rep. 67, neither does it, like the indictment in McGahagin v. State, 17 Fla. 665, charge in a *single count* two distinct offenses for which different punishments are prescribed, but it, in two separate counts charges two distinct, but similar and kindred *felonies*. The first count charges the larceny of two skirts each of the value of sixteen dollars aggregating thirty-two dollars, which under the provisions of Section one of Chapter 4395, Laws of 1895, constitutes grand larceny, and is made a felony, the maximum punishment prescribed for which being imprisonment for five years in the State penitentiary, or twelve months in the county jail, or fine of $1000. The second count charges the felonious receiving

and concealment, with knowledge that they had been stolen, of two other and different skirts each of the value of eight dollars aggregating sixteen dollars, which last mentioned crime is also made a felony by Section 2451, Revised Statutes, the maximum punishment prescribed for which being imprisonment for five years in State prison, or five hundred dollars fine. Both counts of the information are complete and perfect within themselves, each of them, independently of the other, completely and fully charging its own respective crime. The verdict was a general one of guilty, which, in effect, was a conviction of the defendant of *both* of the two separate crimes charged in the information, and the sentences of imprisonment may have been for five years for each of these two distinct offenses. Cribb v. State, 9 Fla. 406; Long v. State, 42 Fla. 509, 28 South. Rep. 775; Green v. State, 17 Fla. 669; 1 Bishop's New Crim. Proc. Secs. 1325, 1326, 1327. Or the judge may, as he did do in this case, have treated the conviction as being one crime, the highest charged in the information, and impose one legal appropriate penalty therefor.

Finding no error the judgment of the Criminal Court of Record of Duval county in said cause is hereby affirmed at the cost of the county of Duval, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.