# DECISIONS

OF THE

# Supreme Court of Florida

## JUNE TERM, 1910.

JAMES B. ADAMS, *Plaintiff; in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. The statutory crime of receiving stolen property is. a substantive offense, and not intended to punish the thief by way of a double penalty.

2. One may not be convicted of receiving stolen goods, when the reception of the property is embraced in its caption and asportation.

3. One who jointly with another takes part initially and feloniously in the caption and asportation of property may not be convicted of receiving the stolen property.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—James B. Adams and one Zervas were jointly convicted of receiving, buying and concealing a cow, knowing it to have been stolen, but Adams alone takes writ of error.

The serious question before us is, assuming that the evidence would have justified a verdict of guilt upon the count charging larceny of the cow, are there sufficient facts upon which the jury might have found an asportation prior to the reception by Adams.

Our statute reads, Gen. Stats., paragraph 3304: "Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished by imprisonment in the state prison not exceeding five years, or by fine not exceeding five hundred dollars."

The crime of larceny is graded and punished but not defined and it would seem clear that the quoted statute is not intended to punish the thief, by way of a double penalty, but it is directed against those who would make theft easy or profitable. State v. Honig, 78 Mo., 249. It is in this state a substantive offence, Anderson v. State, 38 Fla., 3, 20 South Rep., 765, and it is not necessary to name the thief. It seems to be generally admitted that one who alone commits larceny cannot be adjudged guilty of receiving the thing stolen, 2 Bish. New Crim. Law, paragraph 1140, 2; 1 Whart. Crim. Law (10th ed.) paragraph 986; Reg. v. Perkins, 5 Cox's Cr. Cas., 554; In re Franklin, 77 Mich., 615, 43 N. W. Rep., 997; Owen v. State, 52 Ind., 379. The difficulty comes in where the actual thief was aided by the accused in the commission of the crime, and as to this the true rule, it seems to us, has been stated by the Supreme Court of Ohio: "We see no reason, however, why a confederate of the thief may not be guilty of both receiving and concealing the property which the latter has

stolen; and it appears to be an established rule that a prosecution for receiving or concealing stolen property may be maintained against one who was present aiding in the commission of the larceny, and receiving the property from the principal. Many cases are found which declare that rule, among them *Jenkins v. State*, 62 Wis., 49, where a conviction was sustained, it appearing from the evidence that the defendant was not the principal, but was present when the latter who understood the combination of a safe lock, unlocked the safe and stole money from it which the defendant received and concealed. The reason of the rule is, that the receiving of the property is subsequent to the larceny in fact, and not a part of it. Hence the rule is inapplicable where the receiving or concealment of the property is embraced in its caption and asportation." Smith v. State, 59 Ohio St., 350.

What facts in the present record justify a finding that the accused was not a principal in the caption and asportation but became a participant only after the larceny was consummated? It appears that the cow had been ranging about a year in a partially fenced pasture near the home of one Kendrick, the confessed thief, and the owner knew she was there. Adams and Kendrick went together to this pasture and both shot the cow, Kendrick shooting first, they then together partially butchered the animal and moved the carcass to Adams' shop whence' it was afterwards by Adams and Zervas peddled around and sold. Kendrick was paid by Adams for his participation. This, under the State's evidence was but one of a series of incidences in which Adams and Zervas obtained cattle from Kendrick which did not belong to him, under circumstances tending to show guilty knowledge. We find nothing here so far as this particular cow is concerned, to make out the crime of larceny, except actions in which

Adams actually participated.   While Kendrick fired the first shot, Adams' pistol finished the job.   The presence of the cow in a pasture away from its owner's home and near that of Kendrick had been of long duration and with the acquiescence of the owner, and there is no hint that Kendrick put her there.   The only conflict in the evidence is as to guilty knowledge of the ownership of the cow and the only crimes the evidence could sustain was that of conspiracy or larceny and as to these the jurors have said in effect not guilty.

While we may regret that some one has blundered, our duty is clear.   Larceny may be either a felony or a misdemeanor, while the statutory offense is always a felony, irrespective of the value or nature of the thing stolen, and this distinction must be observed in the orderly administration of our criminal laws.   The State has not made out against this party the substantive crime of which he was convicted and the verdict must be set aside and a new trial awarded.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.