H. CLAY BAILEY, *Plaintiff in Error, v.* THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion filed July 9, 1918.

Petition for Rehearing Denied August 5, 1918.

1.  The legal effect of evidence or the lack of evidence in its
    relation to a verdict rendered in a trial may by appropriate
    proceedings be reviewed by an Appellate Court, yet con-
    flicts in competent testimony, the weight of legal evidence,
    and the credibility of competent witnesses are primarily
    for the determination of the jury; and where there is some
    substantial competent evidence of all the facts legally es-
    sential to support the verdict, and there is nothing in the
    record to indicate that the jury were not governed by the
    evidence, a refusal of the trial court to grant a new trial
    on the ground of the insufficiency of the evidence to sus-
    tain the verdict will not be disturbed by the Appellate
    Court.

2.  In this jurisdiction the statutory offense of buying and re-
    ceiving stolen property knowing it to have been stolen is a
    substantive offense, distinct from the crime of the larceny
    of the property.

3.  One who commits larceny may not be convicted of buying
    and receiving the stolen property, upon a charge of the
    statutory offense of buying and receiving stolen property
    knowing it to have been stolen. Adams v. State, 60 Fla. 1,
    53 South. Rep. 451.

Writ of Error to Criminal Court of Record for Duval
County, J. M. Peeler, Judge.

Judgment affirmed.

*Johnson* & *McIlvaine* and *Ion L. Farris,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—The Plaintiff in Error, hereinafter for convenience referred to as the defendant, was informed against in the Criminal Court of Record of Duval County upon a charge of feloniously buying and receiving certain stolen property knowing the same to have been stolen. Upon a trial he was convicted and sentenced to imprisonment in the State prison at hard labor for a term of three years.

Writ of error was taken from this Court and the case is here for review.

The first, second and third assignments of error question the sufficiency of the evidence to sustain the verdict. The State's theory was that the property alleged to have been bought and received by the defendant, namely, "three barrels of sugar of the value of thirty dollars per barrel," was stolen by Will Jones, a negro, from a railroad car containing a number of barrels of sugar, the property of the C. D. Kenney Company, a corporation; that the defendant not only knew of the theft at the time he purchased the sugar, but had suggested it and had told Jones if he would go down to the car which was being unloaded, and bring to him, the defendant, three barrels of the sugar, that he would pay him fifty dollars for it; that Jones took the three barrels of sugar from the car, delivered them to the defendant and received the fifty dollars therefor.

There is ample evidence to support this theory. Jones was himself prosecuted for the larceny of the sugar and

entered a plea of guilty to the charge. He was a witness for the State against the defendant and gave the testimony upon which the State's theory was predicated. There was other evidence in corroboration of this witness, which included the testimony of the officers who took the sugar alleged to have been stolen from the store of the defendant and the testimony of the manager of the owner of the property identifying it. The defendant denied any knowledge of or connection with the transaction, and there is other evidence in the record tending to corroborate his testimony. But this conflict was settled by the Jury.

The rule is that while the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial may by appropriate proceedings be reviewed by an Appellate Court, yet conflicts in competent testimony, the weight of legal evidence, and the credibility of competent witnesses are primarily for the determination of the Jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the Jury were not governed by the evidence, a refusal of the Trial Court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the Appellate Court. Smith v. State, 66 Fla. 135, 63 South. Rep. 138; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511. This case is differentiated from the case of Adams v. State, 60 Fla. 1, 53 South. Rep. 451, in that the defendant here had no part in the actual taking and asportation of the property.

The contention is made under these assignments that it was not proved as alleged that the stolen property was

the property of the C. D. Kenney Company, a corporation. The witness in behalf of the State, K. W. Jones, testified that he was manager for the C. D. Kenney Company; that said company is a corporation handling sugars, coffees and teas principally; that he, as manager of such company, paid a draft drawn upon C. D. Kenney for the purchase price of the sugar, that the sugar was contained in a railroad car on the Seaboard Air Line R. R. tracks and was being hauled to the store of the company at the time the alleged larceny of the three barrels occurred. He testified further that the C. D. Kenney Company was generally known as a corporation. This was sufficient proof of ownership of the property alleged to have been stolen, and of the corporate capacity of the owner. It also corresponds with the allegations of the information. Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938; Butler v. State, 35 Fla. 246, 17 South. Rep. 551; Duncan v. State, 29 Fla. 439, 10 South. Rep. 815.

The denial of the motion of the defendant to set aside the verdict and grant a new trial in the case is assigned as error. Among the grounds of this motion is one based upon the refusal of the trial court to give to the jury a requested instruction on behalf of the defendant to the effect that the testimony of an accomplice should be received with great caution. The theory was that Will Jones, who took the property, was an accomplice of the defendant, who bought and received it and that, this relationship being established, the instruction should have been given and that the refusal to give it was error.

In this jurisdiction the statutory offence of buying and receiving stolen property knowing it to have been stolen is a substantial offence. The offence denounced by the statute is not the buying and receiving stolen property from the alleged thief. It is the buying and receiving

such property knowing it to have been stolen. It may be thus acquired from some one other than the thief and the offence be complete, other necessary elements being present. Adams v. State, 60 Fla. 1, 53 South. Rep. 451; Anderson v. State, 38 Fla. 3, 20 South. Rep. 765.

In the case of Anthony v. State, 44 Fla. 1, 32 South. Rep. 818, three persons were jointly informed against and tried upon a charge of this kind. One of such persons testified in the trial of the case against the plaintiff in error there and it was held that a charge such as the one requested here was a matter of right to the accused and should have been given. But in this case the witness, Will Jones, and the defendant were charged with the commission of distinct offences. The former entered a plea of guilty upon a charge of larceny; the latter was convicted in a trial upon a charge of buying and receiving the property stolen, knowing it to have been stolen. In this situation we will not hold it reversible error for he trial court to refuse to give the charge requested upon the theory that Jones was an accomplice of the defendant.

Another ground of the motion to set aside the verdict and grant a new trial to the defendant was the refusal of the trial court to give a requested charge upon the subject of reasonable doubt. This point was covered in the general charge, and it is settled here that it is not error to refuse requested charges that are covered in substance by charges given. Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Milligan v. State, 75 Fla. 815, 78 South. Rep. 535.

Other contentions are based upon alleged errors of the trial court in overruling objections to various questions propounded to the State witness, K. W. Jones, and upon

motions to strike the testimony given in response to such questions. Such contentions are without merit.

Finding no reversible error in the record, the judgment will be affirmed.

It is ordered.

TAYLOR, ELLIS AND WHITFIELD, J. J., concur.

BROWNE, C. J., dissents.

BROWNE, C. J., *dissenting.*—I can not concur in the decision in this case because I think the Court erred in refusing to give at the request accomplice must be received with great caution, the jury should pass upon the weight to be given to such evidence, and when such evidence is uncorroborated, it should be carefully weighed by the jury with great caution, but if such evidence carries conviction to the mind of the jury of the guilt of the accused beyond and to the exclusion of every reasonable doubt, then the jury should give to such evidence the same effect as would be allowed to a witness who is in no way implicated in the offence."

It is the settled law in this State that an accused has the right, as matter of law, to have the trial court instruct the jury that the testimony of an accomplice should be received with great caution, and the refusal to so charge when requested will be error. Anthony v. State, 44 Fla. 1, 32 South. Rep. 818.

The charge was refused upon the theory that the witness, Jones, who plead guilty to the larceny of the stolen goods, which the defendant is charged with having received, knowing them to have been stolen, was not an accomplice.

The witness, Jones, on whose testimony the plaintiff in error was convicted, testified with regard to the transaction as follows: "One day I was going out to the highway school hauling cement. I stopped at Mr. Bailey's store to get some cake. He says, 'I want some sugar.' I says, 'I ain't got no sugar; I don't know where to get none.' He says, 'they are unloading three or four cars down in the Seaboard yard. You go down there and bring me three barrels of sugar, and I will give you fifty dollars.' I says, 'I am scared to go down yonder; the yard man might shoot me.' He says, 'He ain't going to shoot you. You go get it, and if you get anything I will pay you out.' I said, 'I am scared to do that.' He said, 'I will get you out of anything you get in.' I say, 'I can't tell you anything about that?' and in a day or two I went back out there to carry another load, and I stopped there again, and got me a package of cigarettes. He says, 'You going to bring that sugar?' I said, 'No, sir.' He says, 'Here is fifty dollars I will give you to get it.' I say, 'How do you know any down there?' He says, 'I know it is down there.' I went and got the three barrels and carried it to his store, and he give me thirty dollars, and told me to come back out that night and he would give me the other twenty."

Section 3178, General Statutes of Florida of 1906, provides, "Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon."

Each of these parties could have been tried for a substantive offence and the other would have been an accessory thereto. "The generally accepted test as to whether a witness is an accomplice, is whether he himself could

have been indicted for the offence either as principal or accessory." I R. C. L. 157.

The word accomplice "includes in its meaning all persons who participate in the commission of a crime, whether they so participate as principal, aiders and abettors, or accessories before the fact." I. R. C. L. 132.

Bouvier defines an accomplice as "One who is concerned in the commission of a crime"—one who steals goods and furnishes them to another who knows they were stolen, is surely "concerned in the commission" of the crime of receiving stolen goods.

"The term in its fulness includes in its meaning all persons who have been concerned in the commission of a crime, all *participes criminis*, whether they are considered in strict legal propriety as principals in the first or second degree, or merely as accessories before or after the fact; Bouvier citing Fost. Cr. Cas. 341; 1 Russ. Cr. 21; 4 Black. Com. 331; 1 Phil. Ev. 28; Merlin Report. Complice."

In the case of People v. Coffey, 161 Cal. 433, 119 Pac. Rep. 901, 39 L. R. A. (N. S.) 704, the Court said, "If the witness has committed the crime, if he has knowingly aided and abetted in its commission, if he has advised and encouraged its commission, the existence of any one of these facts admitted or established stamps his status as 'that of an accomplice."

In the instant case Jones aided and abetted in the commission of a crime of receiving stolen goods, and was an accomplice, and the charge provided for in our statute with regard to the testimony of an accomplice was erroneously refused.

The fallacy of the reasoning of those courts that hold that because certain acts may constitute two distinct crimes, for either of which both the parties implicated

may be tried and convicted, but for the other, only one of the parties could be convicted, and that they would be accomplices in the first instance, but not in the second, is discussed and exposed in case of People v. Coffey, *supra*, where the Court said, "The commonest of these errors may thus be expressed; the law declares that all persons concerned in the commission of a crime, whether they directly commit it, or aid and abet in its commission, or advise and encourage its commission, are principals. They are, of course, accomplices. Therefore an accomplice is one who may be indicted for the same crime as that charged against the person on trial, and, therefore, if he cannot be charged with the same crime, he is not an accomplice. Here is epitomized the reasoning of such cases as State v. Durham, 73 Minn. 150, 75 N. W. Rep. 1127, 11 Am. Crim. Rep. 179, and the fallacy of the reasoning must be obvious. One is an accomplice in a crime because of the part that he has taken in it, not because he may be indicted as a principal. The latter is a mere accidental circumstance, depending upon the language of the statute, and in no way affecting the true touchstone, namely, the part which the witness has taken in the offence. The judicial declaration that, under a statute such as our paragraph 31 of the Penal Code, all accomplices may be indicted as principals, is perfectly sound. But the attempted reasoning from this that if a person cannot be indicted as a principal, he is, therefore, not an accomplice, is absolutely fallacious. To illustrate: In the present condition of our law, no one would question but that the man who instigated and incited a murder, and the man who actually committed the murder, were both accomplices in the crime of murder. No one would question, moreover, but that both could be indicted as principals in the crime of murder. But suppose that

tomorrow the Legislature, as it would be quite competent for it to do, should declare that where a man had incited murder, he would be indicted only for subordination of murder, and upon conviction be punished by death; but that the man who committed the murder under such incitement should be charged with murder, and upon conviction should be punished by life imprisonment, there would be presented a case where the law denounced as different crimes the different acts of the parties. Would it for a moment be said that they ceased therefore and thereby to be accomplices in the crime of murder? Or, again, the law today declares that the giver of a bribe may be punished for the giving; that the officer who receives a bribe may be punished for the receiving. A offers B a bribe, and by this means advises and encourages the commission of a crime. B, in turn, consults his friend C, who 'advises and encourages' B to accept the bribe. B returns to A and agrees to A's corrupt proposition, and A pays the bribe money. C is admittedly an accomplice. He has advised and encouraged B in the commission of a crime, but A has done precisely the same thing, and has gone even further than B, in that he has not only advised and encouraged, but has become a party to the criminal agreement. By what logic or reasoning may it be said that C is an accomplice, and A is not? Not because of the accidental circumstance, if such circumstances exist, that A can be charged with another crime growing out of the same acts; not because of the accidental circumstance, if it exist, that A cannot be charged with the same crime as B, for these are purely accidental circumstances, and are not of the essence of the consideration."

For the error in refusing to give the requested charge, I think the judgment should be reversed.