T. E. BARGESSER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed March 1, 1928.

*W. K. Zewadski, Jr.,* and *Wm. C. Pierce,* of Tampa, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

STRUM, J.—Plaintiff in error, who will be referreed to hereinafter as the defendant, was charged by information with the larceny of one Ford coupe, and in a second count with having feloniously bought, received, concealed and aided in the concealment of one Ford coupe, knowing the same to be stolen property. The Ford coupe mentioned in each count is the same automobile, and it is alleged in each count that it was then the property of Erin Fitzgerald.

Upon a plea of not guilty, a trial was had and the jury found the defendant "guilty as charged in the information." The verdict is in effect a conviction of the defendant of both of the two separate crimes charged in the information. Washington v. State, 51 Fla. 137, 40 South. Rep. 765.

On writ of error to review the judgment of conviction, the defendant contends that such a verdict and judgment are not authorized by law since the two crimes charged are distinct and inconsistent offenses relating to the same property owned at the time by the same person and that the defendant cannot therefore be lawfully convicted under *both* counts. The facts in this case are essentially

dissimilar to those in Washington v. State, *supra,* wherein the two charges in the information, one of larceny and the other of receiving stolen goods, involved different property. In O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940, the specific point here under consideration was not considered.

We find the defendant's contention in the respect above stated to be well founded. Although a count charging each of these offenses against the same person and with respect to the same property may properly be included in one information, a verdict which in effect finds the defendant guilty. both as a principal in the larceny and as a receiver of the same goods which he himself has stolen is inconsistent and no judgment can be rendered upon it, although the evidence might sustain a conviction under either count. The difficulty does not result from the joinder of the counts in the information, but arises from the evidence. It appears by the record that the automobile in question was found in the possession of the defendant shortly after the same had been stolen from its owner, Erin Fitzgerald, the discovery of the automobile being occasioned by the efforts of the defendant to dispose of it. There had been, however, only one larceny of the automobile. The defendant undertook to explain his possession thereof, claiming that he came into such posseession by lawful means which he described, but the jury apparently rejected such explanation. The verdict convicted the defendant, both as a principal in the larceny and as a guilty receiver of the same property, knowing it to have been stolen, only one larceny of the automobile being involved. The evidence might have sustained a finding of guilty of either offense, but not of both. Larceny, and receiving stolen goods knowing the same to be stolen, are separate and distinct offenses, and where the same property, the same larceny, and the same person as principal are involved they are in

law inconsistent offenses. Although the rule seems to be that a confederate of the actual thief who was present aiding and abetting in the larceny and who received the stolen property from the principal may be found guilty of receiving or concealing the stolen property (Adams v. State, 60 Fla. 1, 53 South. Rep. 451; Jenkins v. State, 62 Wis. 49), the principal in a larceny cannot himself be guilty of the crime of receiving the same goods which he himself has stolen, nor can the guilty receiver himself be the principal in the larceny. The inconsistency is obvious. One cannot receive goods from himself. A theft must be perfected before the offense of receiving stolen property, as denounced by Sec. 5138, Rev. Gen. Stats. 1920, can be perpetrated, and the receiver of the stolen goods must be a person other than the principal in the larceny. This is clearly implied by Sec. 6067, Rev. Gen. Stats. 1920, which provides that in prosecutions for the offense of receiving or aiding in the receiving of stolen property, known to have been stolen, it shall not be necessary to aver, nor on the trial to prove, that the person who stole the property has been convicted. The statute last mentioned is not intended to punish the thief by way of double penalty but is aimed at those who would make theft easy or profitable. Adams v. State, 60 Fla. 1, 53 South. Rep. 451; Ann. Cas. 1912B 1209n; Bailey v. State, 76 Fla. 103, 79 South. Rep. 748; Moore v. State, 203 S. W. Rep. 51; Brown v. State, 15 Tex. App. 581; Tobin v. People, 104 Ill. 565; Comm. v. Haskins, 128 Mass. 60; State v. Larkin, 49 N. H. 39, 36 C. J. 945, 17 R. C. L. 84. See also by way of illustration the case of Crawford v. State, 19 S. W. Rep. 766, wherein it was held that the accused being charged in separate counts for forgery and uttering the same forged instrument, only one transaction being involved, a verdict finding the accused guilty of each offense could not be sustained.

Since the defendant, under the evidence in this case, could not in law be guilty of both of these offenses, of which one did the jury find him guilty? The proof renders this uncertain. Under the circumstances the verdict does not aid the matter, nor can the verdict be construed, under the usual rules, with reference to the pleadings and proof so as to clarify the situation. Since the verdict is one which the law does not authorize, the judgment entered thereon must be and is hereby reversed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.