211 So.2d 853 (1968)
Coleen Anita KETELSEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-108.
District Court of Appeal of Florida. Third District.
July 2, 1968.
Rehearing Denied July 26, 1968.
Joseph Pardo, Miami, for appellant.
Earl Faircloth, Atty. Gen. and David Cerf, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
CHARLES CARROLL, Chief Judge.
On January 11, 1967, an information was filed which charged that the appellant did "unlawfully, knowingly and feloniously buy, receive or aid in the concealment of certain stolen property," described therein as two diamond rings owned by Doris D. Friedopfer. The information further alleged that the property was known by the accused to be stolen. The offense and the penalty therefor are set out in § 811.16 Fla. Stat., F.S.A.
On this appeal from the judgment of conviction the appellant contends the court erred in denying her motion to suppress certain evidence and her motions for directed verdict made at the close of the state's case and at the close of all the evidence, and that the statute of limitations had run on the offense charged.
The appellant's contention of insufficiency of the evidence has merit. Upon consideration *854 of the record we are impelled to conclude that the evidence was insufficient to support the conviction.
Ownership of the property as alleged was required to be proved (Pelaez v. State, 107 Fla. 50, 144 So. 364). The evidence relating to that element was patently insufficient to meet that proof requirement. Nor was there evidence that the appellant had purchased the rings or that she had received them with knowledge that they had been stolen. See Ard v. State, 156 Fla. 313, 22 So.2d 819. We find an absence of evidence in the record that the appellant "aided in the concealment" of the alleged stolen property.
The record reveals that in August of 1959 two rings owned by Mrs. Friedopfer, similar to the rings involved in this case, disappeared from her home. At that time the appellant was a lessee of a guest cottage on the residence premises of Mr. and Mrs. Friedopfer. On a certain day in August of 1959 Mrs. Friedopfer had removed her rings and placed them on a dresser in her bedroom. The appellant was in Mrs. Friedopfer's house that day. Mrs. Friedopfer was bathing her baby in the kitchen. While doing so she found need for some object which was in her bedroom, and the appellant went into the bedroom to get it for her. Thereafter the rings were missed, and Mrs. Friedopfer notified her insurer and the police.
Seven years later, while in a restaurant on Miami Beach at which the appellant was employed as a cashier, Mrs. Friedopfer observed on the appellant's hand the rings which are involved in this case. The appellant went to the ladies' room and removed the rings. Believing the rings were hers, Mrs. Friedopfer called the police. The appellant was put under arrest for violation of an ordinance by not having a health card required of restaurant employees. While being transported to the police station in a police car the appellant withdrew the rings from her handbag and placed them beside her on the seat of the car, where they were observed by the police officer who was driving, and were taken into possession by him. Those rings were similar in appearance to the ones which Mrs. Friedopfer had owned in 1959. However, there was some discrepancy with reference to the nature of the setting of one of the rings, between the setting as it was described by Mrs. Friedopfer and as it was found and testified to by a jeweler. There were no identifying marks on the rings to establish that they were those which had been owned by Mrs. Friedopfer, and the appellant testified she had owned the rings for some years and that they had been given to her by her husband, who at the time of the trial was deceased.
Moreover, such evidence as there was, indicating theft of the rings in August of 1959, pointed to the appellant as the one who took them, and there was no evidence of their theft by another person. The appellant was not prosecuted for larceny of the rings, as in fact she could not be, since the time of the larceny, as fixed in the evidence, was seven years before the appellant was arrested, and the statute of limitations for that offense is two years. If the rings were stolen by the appellant she could not be prosecuted on the charge of buying, receiving or aiding in the concealment thereof. Adams v. State, 60 Fla. 1, 53 So. 451; Bailey v. State, 76 Fla. 103, 79 So. 748.
In Adams v. State, supra, the Supreme Court said: "It seems to be generally admitted that one who alone commits larceny can not be adjudged guilty of receiving the thing stolen." In 76 C.J.S. Receiving Stolen Goods § 14b, it is said: "One who steals property or is a principal to the theft can not be convicted of receiving, buying, concealing, or aiding in concealing the property stolen."
Accordingly, the judgment appealed from is reversed, and the cause is remanded with direction to discharge the defendant.