WHITE, JOSEPH S. (Ret.) Associate Judge.
This appeal brings for review a judgment convicting appellant of grand larceny. The charge involved the theft of “Forty (40) Bushels of Mangoes” valued at “more than ONE HUNDRED DOLLARS ($100.00)” the “goods and chattels of one ED MITCHELL”.
The question before the court concerns the sufficiency of the proof to establish ownership of the fruit.
Ed Mitchell had more than one hundred bearing mango trees. He discovered that approximately 75 bushels of fruit had been removed from his trees. He reported the theft to a nearby packing house and requested that they keep a lookout for it. Shortly thereafter Mitchell was notified that the packing house had “some fruit that looks like what you had.” It had been purchased from the defendant. The fruit was pointed out to Mitchell and he *29 identified it as belonging to him. He testified that in the process of making identification he inquired of other growers “to see if they lost any fruit at the same time, and they had not.” Thus it appears that Mitchell relied on something more than the bare appearance of the fruit.
The allegation of ownership of property is a material and essential element of the crime of larceny, and this must be proven to support a conviction. State v. Anders (Fla.1952), 59 So.2d 776.
There are many hundreds of mango trees throughout the counties along the east coast of Florida. It is contrary to common sense and reason for an owner of a few of these trees, who has only casually observed his fruit as it hung upon the trees, to be able to identify 40 bushels of mangoes as they later lay in a packing house, as being that particular fruit. It is our conclusion that testimony to this effect simply does not meet the test of “substantial evidence”, necessary to support conviction for crime. See Kilbee v. State, Fla.1951, 53 So.2d 533 (alleged theft of hogs); Maddox v. State, Fla.1948, 38 So.2d 58.
The evidence here creates a strong suspicion of guilt, but a mere suspicion, no matter how great, does not warrant a finding of guilt. Ellison et al. v. State, 1934, 115 Fla. 789, 156 So. 123.
Reversed.