PEARSON, Judge.
After a non-jury trial in the Criminal Court of Record in and for Dade County, Florida, the appellant was convicted of “Unlawfully, Buying, Receiving or Aiding in the Concealment of Stolen Property [a Ford Mustang automobile], well knowing the Same to be Stolen” in violation of § 811.16, Fla.Stat.,[1] F.S.A.
The question presented on this appeal is whether there was sufficient evidence to prove that the appellant bought, received, or aided in the concealment of stolen property in Dade County, Florida.
Three witnesses testified for the state. A Brooklyn, New York, man testified that on the morning of April 11, 1967, he discovered that his 1965 Mustang bearing a 1967 New York license plate, NM 1336, was missing and reported this to the New York City Police.
A New Jersey State Trooper testified that he saw the appellant on Route One in New Jersey driving a 1965 Mustang bearing New York registration NM 1336 at about 3:45 A.M., April 11, 1967. He issued to the appellant a summons for speeding and a summons for failing to exhibit a valid registration.
A Miami policeman testified that on April 20, 1967, he found the missing Mustang parked on a public street. In the car the officer found a summons issued by a New Jersey State Trooper. It bore the appellant’s name, address, and Florida driver’s license number. The officer then went to question the appellant, who was in the Dade County Jail for a traffic offense, and asked him why his name, address, and driver’s license number would appear on a New Jersey summons found in the Mustang. The appellant answered that he had lent his driver’s license to a Walter Reese, who had subsequently returned it to him. The appellant gave the officer permission to use ignition keys which were “in his personal property in the Dade County Jail.” The officer testified that the appellant told him they were the keys to his Cadillac. The keys were marked “Ford”; *27 they fit the ignition switch and the trunk of the Mustang. The ignition switch in the Mustang was one for a Ford — not a Mustang. It was loosely taped on the dashboard.
After the court denied his motion for a directed verdict, the appellant took the stand and testified that he did not get a ticket in New Jersey; that he knew nothing about the Mustang until the Miami officer questioned him; and that the keys he let the Miami policeman take were keys to Walter Reese’s Cadillac.
Since he found the appellant guilty, the trial judge must have disbelieved the appellant’s testimony, which was exculpatory, and believed that of the state’s witnesses. This latter testimony tends to prove that if the appellant did commit a crime, it was the crime of automobile theft in New York. We therefore must reverse the judgment appealed because “ ‘One who steals property or is a principal to the theft can not be convicted of receiving, buying, concealing, or aiding in concealing the property stolen.’ ” Ketelsen v. State, Fla.App.1968, 211 So.2d 853, 854.
If we were to accept the state’s suggestion that we disregard the act of theft and consider only the possible concealment of the automobile, we would not change our holding. The record is insufficient to establish that the appellant aided in the concealment of the automobile in Dade County, Florida. The most the evidence can possibly be said to do is raise a suspicion that the appellant was guilty of aiding in the concealment. But a suspicion of guilt, even one greater than that present in the case before us, does not warrant a finding of guilt. See Davis v. State, Fla.App.1968, 216 So.2d 28 [filed November 5, 1968].
The judgment and sentence are reversed with directions to discharge the defendant.

. “Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished by imprisonment in the state prison not exceeding five years, or by fine not exceeding five hundred dollars.”