McNULTY, Judge
(dissenting).
Appellant and one Crosby were jointly charged with grand larceny in the theft of certain copper wire. Appellant was tried and convicted alone, and directly appeals.
The only evidence connecting the appellant with the theft is as follows:
1. Six days before the theft Crosby bought a truck, and appellant was with him.
2. The day after the theft Crosby hauled the stolen wire in the aforesaid truck and sold the wire to two junk dealers in Tampa, and the appellant was •with him.
3. Six days after the theft Crosby sold the truck, and the appellant was with him.
4. Shortly thereafter Crosby was arrested in Hernando County, and the appellant was with him.
Appellant’s uncontradicted testimony admits all the foregoing, but he denies any participation in or knowledge of the theft; and he explains his presence with Crosby at the sale of the wire by saying that on that morning (the day following the theft) Crosby came to his house and asked him to help him “burn off” the insulation on the wire and then help him haul it to Tampa for sale, for which, appellant says, Crosby promised to pay him $25.00.
Upon the close of all evidence the trial judge substantially charged the jury correctly on the elements of larceny and on the aspects of aiding and abetting under § 776.011, F.S.A. Thereafter, in the presence of the jury, the following occurred:
"THE COURT: * * * Any other instructions requested by the State?
MR. CAMPBELL (counsel for the State) : Yes, sir, Your Honor. You read to the jury the statutes involving principals, but you did not charge them in regard to accessories, and I think the Court should charge them as to what an accessory is and that an accessory can be guilty as a principal—
THE COURT: An accessory—
MR. CAMPBELL: —in view of the comment that this man has taken * * *
THE COURT: —takes some part in it. An accessory may be either an accessory before the fact or an accessory after the fact. That is, that he took some part in is (sic) knowing what was going on before the theft took place in this case, that he, or wasn’t present at the time the theft took place, but after the theft that he took part in it, aided and abetted in some way in the consummation of it knowing that it was property that had been stolen and in either case he would be guilty as a principal just the same as the man who actually did the stealing.”
Counsel for appellant did not object to such charge at the trial, nor did he complain of it in a motion for new trial. He raises it now for the first time.
Clearly, as we shall see, the quoted charge is erroneous; and § 918.10(4), F.S.A., provides that, “No party may assign as error or grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, * * * ”. Ordinarily this section would foreclose appellant’s attack on this charge, which is his only meritorious contention here. We are committed, however, to the rule that notwithstanding the aforesaid statutory provisions, an *223 objection to a jury instruction may be made for the first time on appeal if the error complained of was a “fundamental” error.[1] The question before us, then, is whether the error here is “fundamental”. I think it is.
Leaving aside for the moment any inference of conspiracy or confederation which may be drawn from the Damon and Pythias relationship apparently existing between appellant and Crosby, and considering the evidence in the light most favorable to the State, the appellant’s presence with Crosby when the latter sold the wire to the Tampa junk dealers was susceptible of two incriminating inferences against appellant: first, it may be said that he was in joint possession of recently stolen property, from which the inference of larceny might be drawn; or secondly, it may be inferred that if he didn’t have anything to do with the theft itself, he was aiding and abetting the thief in disposing of or concealing the property stolen. The first inference relates to the charge laid in the information, and for which the appellant was on trial, i. e., larceny. The second inference, however, relates to a potentially different substantive offense, i. e., concealing stolen property,[2] which is neither included in nor considered a part of the offense of larceny,[3] and for which the appellant was not on trial.
Now, the complained of charge given by the court seems to combine some of the elements of aiding and abetting the perpetrator of the offense charged [4] with some of the elements of the separate offense of concealing stolen property,[5] and it denominates the conglamorate as “accessory after the fact”, which in itself is yet a third substantive offense.[6] In my view, this is the very thing which renders the obvious error a “fundamental” one. The issues framed by the information charging larceny just cannot be said to have been adjudicated, and thus the truth finding process was hopelessly frustrated. In other words, there simply hasn’t been a “trial”.
In this sense, the material issues in a trial can only be said to be res judicata if, from the evidence and charge to the jury, the verdict resolves them.[7] Here, the error did not consist merely of a correct charge and an incorrect charge on the single subject of larceny (which was being tried), but rather, it consisted, in effect, of an erroneous charge on each of two separate offenses one of which was not being tried. The evidence tended to support both, and when the court told the jury that they could find the appellant guilty of larceny if they found him guilty of either, the verdict of guilty cannot be said to have resolved the issues of larceny alone and of no other crime.
It is not important, in considering the fundamental nature of the error herein, that all of the elements of the offenses touched upon in the fatal charge were not technically established. What is important, is that the jury of laymen had an apparent choice between two incriminating inferences, each of which related to a different offense, and were told by the court that larceny was established in either case.
Referring back briefly, now, to the inferentially profligate alliance between the appellant and Crosby, suffice it to say that whatever relevancy such relationship has to the valid issues at trial it would be im *224 material to the decision here. In any case, such relationship would be the same regardless of the offense or offenses of which appellant may be guilty. It is worthy of note herein only for the purpose of negating any suggestion that such relationship is probative solely of the fact that the appellant aided and abetted the principal in the theft itself. Obviously, it is equally susceptible of the inference that he aided and abetted in the concealment of the stolen property after the theft; and this may well have been the inference relied upon by the jury in finding the appellant guilty of larceny under the erroneous charge condemned here.
In my view due process was embarrassed in this case, and the conviction should be reversed for a new trial.

. Forceier v. State (Fla.App.2d 1961), 133 So.2d 336, 337.

. § 811.16, F.S.A.

. See Bailey v. State (1918), 76 Fla. 103, 79 So. 478; Ketelsen v. State (Fla.App.3d 1968), 211 So.2d 853; and Brizzie v. State (Fla.App.2d 1960), 120 So.2d 27.

.Making the aider and abettor a principal pursuant to § 776.011, F.S.A.

. n. 2, supra.

. § 776.03, F.S.A., (which condemns the harboring of fugitives, and which is not even remotely relevant here).

. See e. g. Anno, on Res Judicata — Criminal Cases, 9 A.L.R.3d, § 8, p. 240.