226 So.2d 884 (1969)
James E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 69-19.
District Court of Appeal of Florida. Second District.
October 3, 1969.
Robert E. Jagger, Public Defender, and Edwin I. Ford, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
Appellant James E. Johnson appeals to this Court from a judgment of conviction *885 entered by the Pinellas County Circuit Court.
Johnson was informed against in a single count for the offense of larceny of an automobile. After trial, the jury returned its verdict finding Johnson "guilty of Receiving Stolen Property, as included in the Information filed herein", and the Court adjudged him guilty of such offense and sentenced him accordingly. His main contention here is that the finding and judgment of guilt of "Receiving Stolen Property", etc. was not included in the offense of "Larceny of an Automobile" for which he was tried, and was therefore impermissible under the information. We agree and therefore must reverse.
The Court, in its instructions to the jury, charged that F.S. Section 811.20, F.S.A., under which the information was drawn, "provides that the larceny of any automobile shall be deemed a felony and shall be punished according to law". The trial Court also charged that in this State "many crimes are broken down into degrees", one of which in the instant case was, he instructed, "the lesser included offense of receiving stolen goods".
It is true, as contended here by the State, that the Supreme Court in Brown v. State, Fla. 1968, 206 So.2d 377, cast upon the trial Courts in criminal trials the duty to instruct the jury upon the law applicable (1) to all "lesser degrees" of the charge being tried and also (2) all other offenses "necessarily included" in the offense charged.
The Supreme Court in Brown held that "crimes divisible into degrees", as contemplated in category (1), "applies only to those crimes which are divided into degrees, e.g., unlawful homicide (Fla. Stat. §§ 782.04, 782.06, F.S.A.), and, arson (Fla. Stat. §§ 806.01-806.04 F.S.A.)". This obviously was not applicable in the instant case and there is no contention that it is.
The State in the case sub judice apparently relies upon category (2), namely, that receiving stolen property was an offense "necessarily included" within the offense of grand larceny or felonious theft of an automobile. Receiving stolen property is not an included offense, either lesser or otherwise, in the offense of the theft of the automobile. Theft or grand larceny is a substantive offense. Receiving stolen property, knowing it to have been stolen, is in itself also a substantive offense. And they are, in fact, inconsistent offenses. Ketelsen v. State, Fla.App. 1968, 211 So.2d 853; 76 C.J.S. § 14b, p. 18; 52A C.J.S. § 5, p. 424. See also Bargesser v. State, 1928, 95 Fla. 404, 116 So. 12, wherein the Supreme Court said that "larceny and receiving stolen goods knowing the same to be stolen are separate and distinct offenses, and, where the same property, the same larceny, and the same person as principal are involved, they are in law inconsistent offenses".
Furthermore, the opinion in Brown categorizes the offense contemplated under category (2) aforesaid as being one that is necessarily included in the major offense charged by the accusatory pleading" (Emphasis in text). The opinion goes on and says that "this simply means that the lesser offense must be an essential aspect of the major offense. In other words, the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence." (Emphasis supplied). Certainly, it could not be reasonably contended that, in order to convict a defendant of larceny of an automobile it must be proven, "as an essential link in the chain of evidence", the defendant received it knowing it to have been stolen.
Most of the foregoing concededly has to do with the mandatory requirement for instructions to the jury as laid down in Brown. But it is directly applicable to the point here involved. The verdict of the jury was responsive to the Court's instructions on lesser included offenses and, in fact, the very language of the jury convicted *886 Johnson of "receiving stolen property, as included in the information". (Emphasis supplied.)
The State says that appellant Johnson "is precluded from raising the point [the conviction for receiving stolen property] by virtue of his failure to object to the charges as given", citing State v. Jones, Fla. 1967, 204 So.2d 515 and Egantoff v. State, Fla.App. 1968, 208 So.2d 843. But the crux of the situation is not so much the erroneous instruction on lesser included offenses as it is the fact that Johnson was actually convicted of an offense for which he was not, and could not, have been tried, under the information in question. The point was raised, and ruled upon adversely, in the motion for new trial; and even if it had not been raised at all it would have been fundamental error.
So the judgment appealed is reversed, with directions that appellant Johnson be discharged, he having in legal effect been acquitted of the crime of unlawfully stealing an automobile with which he was charged and tried.
Reversed.
HOBSON, C.J., concurs.
McNULTY, J., concurs in part and dissents in part with opinion.
McNULTY, Judge (concurring in part, dissenting in part).
I concur that the judgment appealed from cannot be sustained. Indeed, I believe it is void, as is the verdict on which it was predicated,[1] for the reason that each is concerned with an offense which was not legally includable in the charge being tried.[2] Both the judgment and verdict being void therefore, as distinguished from voidable, neither can have any legal effect whatsoever, including the effect of operating as an acquittal of the offense which was in fact charged and which was in fact then being tried.
This case clearly differs from those in which a defendant is convicted of an offense which is, or may be, includable in the offense charged.[3] In such cases, both the defendant and the state have had their "day" on the issues involved, and the verdicts found, even though perhaps erroneous, are not nullities. Here, however, the verdict found was legally impossible since it found the defendant guilty of an offense which is not and cannot be included in the offense charged. Under such circumstances there simply hasn't been a "trial".[4] The state hasn't had its day in the sense that it can be said that the issues involved within the allegata have been unanimously resolved by a jury.[5] Indeed, the case is really in no different posture than if the jury were "hung" or returned no verdict at all, since a void act must be considered as though it never occurred.[6]
Accordingly, I concur in the reversal of the judgment and conviction appealed from, but would order a new trial rather than the discharge of defendant-appellant as having been "acquitted."
NOTES
[1] See, e.g., 49 C.J.S. Judgments § 267, p. 481 n. 63.
[2] See Bailey v. State (1918), 76 Fla. 103, 79 So. 748; and Ketelson v. State (Fla. App.3d 1968), 211 So.2d 853.
[3] See a discussion on this class of cases in Brown v. State (Fla. 1968), 206 So.2d 377.
[4] Cf. Our dissent in Mims v. State (Fla. App.2d 1969), 222 So.2d 221.
[5] Cf., Greene v. City of Gulfport (Fla. 1958), 103 So.2d 115; and People v. Helbing (1882, 61 Cal. 620) (cited in Greene).
[6] See 46 Am.Jur.2d, Judgments, § 49.