HOBSON, Acting Chief Judge.
Appellant and a companion were charged by information with the crime of receiving and concealing stolen property. Appellant was tried separately, convicted of the charge, and sentenced to imprisonment in the state prison to a term of six months to five years.
Appellant’s first point in this appeal is directed to the sufficiency of the evidence. The record on appeal contains sufficient and competent evidence to support the conviction. The state proved beyond a reasonable doubt that the property had been stolen. While the mere unexplained possession of recently stolen property is not sufficient to show guilty knowledge, the circumstances surrounding the possession in this case were sufficient to make a prima facie case of the crime charged. Lawrence v. State, Fla.App.3rd, 1970, 230 So.2d 160; McMichael v. State, Fla.App.3rd, 1972, 258 So.2d 26; cf. State v. Graham, Fla.1970, 238 So.2d 618.
The general rule is that one who alone commits larceny cannot be adjudged guilty of receiving the thing stolen. Adams v. State, 1910, 60 Fla. 1, 53 So. 451. Appellant was not the only one involved in the crime, and there was no evidence that appellant actually participated in the larceny. Metcalf v. State, 1929, 98 Fla. 457, 124 So. 427; Cf. Adams v. State, supra; Ketelsen v. State, Fla.App.3rd, 1968, 211 So.2d 853; Thomas v. State, Fla.App.3rd, 1968, 216 So.2d 25.
Appellant also contends that there was a fatal variance between the allegation and the proof as to ownership of the stolen property. The information alleged that the property received or concealed was that of “Bennett Gibson and Mark Gibson, doing-business as Lealman Texaco,” while the proof showed that it was the property of Bennett Gibson. During the trial appellant made no objection to the variance, nor did he raise it in his motion for directed verdict. See Finley v. State, 1943, 153 Fla. 394, 14 So.2d 844.
The purpose of alleging ownership of the stolen property is to show ownership to be in one other than the accused, and as a part of the description of the property. Byrd v. State, 1941, 146 Fla. 686, 1 So.2d 624; Hearn v. State, Fla.1951, 55 So.2d 559; Gaynor v. State, Fla.App.4th, 1967, 196 So.2d 19; Cross v. State, Fla.App.2d, 1970, 237 So.2d 324.
*447 It was alleged and established that the property was not that of the accused. Gaynor v. State, supra; Hunt v. State, Fla.App.3rd, 1967, 200 So.2d 212; Ross v. State, Fla.App.3rd, 1969, 226 So.2d 464. Appellant could not again be tried for receiving or concealing the same property taken at the same time from the same place, and under the same circumstances. Addison v. State, 1928, 95 Fla. 737, 116 So. 629; Hearn v. State, supra; Gagne v. State, Fla.App.2d, 1962, 138 So.2d 90; Wilcox v. State, Fla.App.3rd, 1966, 183 So.2d 555; Cross v. State, supra. We do not think that appellant was misled or embarrassed in the preparation of his defense by reason of such proof. Addison v. State, supra; Finley v. State, supra; Gagne v. State, supra; Hunt v. State, supra.
The judgment appealed is, therefore,
Affirmed.
McNULTY and GRIMES, JJ., concur.