McNULTY, Acting Chief Judge.
Appellant appeals from a judgment and sentence imposed after a jury verdict of guilty of buying, receiving or aiding in the concealment of stolen property (B.R.A.C. hereinafter). We reverse.
About 10:00 a. m. on Sunday, April 9, 1972, appellant was found in possession of certain building materials which had been stolen the night before from a construction site a few blocks from appellant’s home. Some of the materials were covered by a tarpaulin and all of the materials were more or less shielded from view from the street by shrubs, trees or bushes. When interrogated at the scene appellant said he had purchased the materials at an auction late the previous evening. He was forthwith arrested for B.R.A.C. and taken to police headquarters for further interrogation.
While he was incarcerated several photographs were taken by investigating officers of the stolen property as found at the scene. Thereafter, and before appellant was released on bail, the materials were removed from appellant’s premises.
The following day appellant was served by warrant, charging B.R.A.C., and, on April 25, he was bound over on such charge to the Criminal Court of Record. On May 10, however, the county solicitor filed an information in said court which, it is important to note, was assigned Case No. 1789 charging appellant with grand larceny in the theft of the foregoing build *682 ing materials. Appellant entered his plea of not guilty thereto on the same date.
In preparation for trial appellant’s counsel moved for and received an order for the production and inspection of tangible evidence. After three abortive, though faultless, attempts to get together for such inspection appellant’s counsel and the prosecutor finally agreed that appellant’s counsel would waive further inspection of any of the stolen building materials themselves, since appellant was already aware of them, but that if there were any other physical or tangible evidence which the state intended to use the prosecuting attorney would inform appellant’s counsel and arrangements would be made for inspection thereof. No mention was made by the prosecuting attorney then, or at any time prior to trial, of any photographs in the state’s possession.
On July 17, two days before the trial, the prosecuting attorney nol-prossed the larceny charge; but, on the morning of the trial, i. e., on July 19, appellant pleaded not guilty to a new charge, the instant B.R.A. C. charge, which had theretofore been filed on July 3 and, unbeknown to appellant, assigned a new case number, to-wit: No. 2105. It doesn’t appear that appellant objected to this unusual time schedule (all parties having apparently previously understood that a new charge would indeed be brought on the same criminal episode) and trial was forthwith begun.
Now, the state prima facie established at trial (1) that the goods were stolen and (2) that they were found early the following day on appellant’s premises. But these facts were never disputed by appellant. His defense was that he bought them in good faith and didn’t know they had been stolen. On this point it is clear that the court and each of counsel were aware of the necessity of showing the element of scienter in the crime charged; that is to say, knowledge on the part of the accused that the property in question had in fact been stolen. It is patent too that they were fully aware of the caveat of our Supreme Court on the matter as expressed in State v. Graham[1]:
“Proof of mere naked possession of property recently stolen, not aided by other proof that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge. [Citations omitted.] Proof of possession should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.” (Italics ours.)
Accordingly, in order to show such knowledge of the theft, the state tendered, through its first witness, certain of the aforementioned photographs which tended to establish “attempts at concealment” by showing the use of tarpaulins and the storing of the stolen property behind bushes and shrubs. Appellant immediately objected, claiming surprise, since the state failed to notify appellant of the existence of such photographs and present them for inspection in pursuance of the previous understanding as aforesaid. Additionally, appellant maintained that such photographs do not fairly portray the scene insofar as its viewability from the street is concerned and that, not having been aware of such photographs or that photographic evidence was going to be used to establish concealment as tending to show scienter, he is now helpless to either impeach the photographs or to take some of his own more accurately to portray the scene since, as noted, the materials were removed while he was first incarcerated. The state, incredulously, argued then and does now that appellant waived any right to examine such photographs for the reason that he made no motion for the production thereof in the instant case, Case No. 2105; but, rather, *683 that his motion to produce was indeed made in the grand larceny case, Case No. 1789. Nonsense!
We cannot in fairness hold appellant at the peril of such precise timing or micrometric measurement. The state knew it had the photographs and that an effective order had been entered to produce them. Moreover, though such photographs may not have been used by the state had it prosecuted the original grand larceny charge, they were obviously essential to a successful prosecution on the B. R.A.C. charge; and at all times everyone knew exactly what criminal episode was involved. Indeed, appellant may be the thief and the state may have been better off had it pressed the larceny charge; but in any case, it chose the B.R.A.C. charge and the two are mutually exclusive.[2] So even though the state may have in good faith concealed the existence of the photographs while the grand larceny charge was pending, assuming of course it didn’t intend to use them in the prosecution thereof, nevertheless, when it shifted gears at the last minute and pressed the B.R.A.C. charge, the prior order to produce which defense counsel reasonably thought had been entered in the “same case” should have been honored as counsel had agreed.[3]
Notwithstanding, the trial judge overruled appellant’s objections and the photographs were introduced. Coupled with defendant’s explanation of how he came in possession of the stolen property, then, the foregoing constituted in essence the state’s case. Obviously, it was sufficient to persuade the jury.
But clearly, in our view, appellant didn’t have his fair day on the charge made. The state wrongfully failed to abide by the order to produce for inspection in accordance with the previous agreement of counsel. There was only “one case” despite two case numbers; appellant’s counsel had a reasonable belief that such was the true state of affairs; the state had no reasonable basis to conclude otherwise; and the prejudice to the appellant is obvious.[4]
In view whereof, the judgment and sentence imposed herein should be, and they are hereby, vacated and set aside and the appellant is awarded a new trial.
Reversed.
BOARDMAN, J., and McGREGOR, ROBERT B., Associate Judge, concur.

. (Fla.1970), 238 So.2d 618, 621.

. See, e. g., Bailey v. State (1918), 76 Fla.103, 79 So. 748; Thomas v. State (Fla.App.3d, 1968), 216 So.2d 25; and Ketelsen v. State (Fla.App.3d, 1968), 211 So.2d 853.

. The state alludes to the fact, as the record reveals, that earlier on the morning of trial and before appellant’s arraignment on the new charge to be tried that day, the prosecuting attorney suggested to appellant’s counsel that he should file motions for discovery on the new charge. Again, however, there is nothing in the record which we could find that would put appellant’s counsel on notice that all previously entered orders relating to discovery were in “another case” and would be inef-ficacious in the instant case.

.See, Richardson v. State (Fla.1971), 246 So.2d 771; and Pizzo v. State (Fla.App.2d, 1974), 289 So.2d 26.