325 So.2d 463 (1976)
Emmitt V. McWHIRTER, Appellant,
v.
STATE of Florida, Appellee.
No. Y-297.
District Court of Appeal of Florida, First District.
January 26, 1976.
*464 Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
SMITH, Judge.
The information charged that McWhirter "did buy, receive or aid in the concealment" of credit cards stolen from the pocketbook of a woman with whom he danced at the Gold Nugget Lounge in Panama City. Sec. 811.16, F.S. In his defense, McWhirter testified that his friend Rusty also danced there that evening, that he and Rusty drove away from the bar in McWhirter's car and that Rusty abruptly left the car and disappeared when McWhirter was arrested later that night  erroneously, as the authorities concede  for car theft. An inventory search of the impounded car revealed the stolen credit cards in a purse concealed under the right side of the front seat.
McWhirter insists that the jury could not lawfully convict him of the offense charged. It is true that, if Rusty and McWhirter or McWhirter alone stole the cards, McWhirter could not be convicted of a charge that he "did buy, receive or aid in the concealment" of them. Johnson v. State, 226 So.2d 884 (Fla.App.2d, 1969); Ketelsen v. State, 211 So.2d 853 (Fla.App. 3d, 1968); E.C. v. State, 280 So.2d 492 (Fla.App.3d, 1973). But if, as McWhirter's evidence implies, Rusty stole the cards while McWhirter danced with the victim, McWhirter could be convicted if the jury believed also that McWhirter was "a confederate of the actual thief who was present aiding and abetting in the larceny and who received the stolen property." Bargesser v. State, 95 Fla. 404, 407, 116 So. 12, 13 (1928). See also Adams v. State, 60 Fla. 1, 53 So. 451 (1910). That McWhirter was found in personal possession of still other credit cards not in his name was a collateral circumstance tending to show his guilt. Given two hypotheses of guilt, one of an offense charged and another of an offense not charged, it is unnecessary to a conviction that the circumstantial evidence be inconsistent with the offense not charged.
Affirmed.
BOYER, C.J., and MILLS, J., concur.