PER CURIAM.
Respondent juvenile appeals an adjudication of delinquency for unlawfully receiving stolen property.
A petition for delinquency was filed charging the respondent with unlawfully receiving, retaining, disposing of or aiding in the concealment of stolen property, a motorcycle. Section 812.031, Florida Statutes (1975). The petition was later amended to include the charge of larceny of the same motorcycle. Section 812.021, Florida Statutes (1975).
Upon the close of the State’s case, respondent’s counsel moved that the State be required to elect between the two charges. The judge reserved ruling and at the close of all the evidence required the State to make an election. The State elected to proceed on the unlawful receipt of stolen property charge. Respondent’s counsel then moved for judgment of acquittal. The judge denied the motion and adjudicated the respondent delinquent. We reverse.
There does not appear of record competent substantial evidence to support the adjudication of delinquency for unlawful receipt of stolen goods. Rather, the testimony and the inferences to be drawn at best went toward proving the theft of the motorcycle. The established law is that one who steals property or is a principal to the theft cannot be convicted of receiving, retaining, disposing or aiding in the concealment of stolen property. See Ketelsen v. State, 211 So.2d 853 (Fla.3d DCA 1968); Thomas v. State, 216 So.2d 25 (Fla.3d DCA 1968); E. C. v. State, 280 So.2d 492 (Fla.3d DCA 1973); McWhirter v. State, 325 So.2d 463 (Fla.1st DCA 1976); C. M. I. and A. R. v. State, 335 So.2d 868 (Fla.3d DCA 1976).
Reversed.