MILLS, Judge,
dissenting:
I dissent. A long line of Florida Supreme Court and District Court of Appeal decisions establishes that despite the disjunctive character of the statute, the offenses of larceny and receiving stolen goods are separate and distinct. Where, as here, the same property, the same larceny and the same persons as principal are involved, they are legally inconsistent. A thief cannot be convicted of receiving, retaining, disposing of or aiding in the concealment of the same property stolen by him. Adams v. State, 60 Fla. 1, 53 So. 451 (1910); Bargesser v. State, 95 Fla. 404, 116 So. 12 (1928); Brizzie v. State, 120 So.2d 27 (Fla. 2d DCA 1960); Ketelsen v. State, 211 So.2d 853 (Fla. 3d DCA 1968); Thomas v. State, 216 So.2d 25 (Fla. 3d DCA 1968); Johnson v. State, 226 So.2d 884 (Fla. 2d DCA 1969); McWhirter v. State, 325 So.2d 463 (Fla. 1st DCA 1976); and State v. Brooks, 348 So.2d 417 (Fla. 1st DCA 1977). I would reverse appellant’s conviction under Section 812.031.