MILLS, Judge.
The State filed an information charging Brooks with intentionally receiving, retaining, disposing of or aiding in the concealment of described stolen personal property contrary to Section 812.031(1), Florida Statutes (1975). Brooks moved to dismiss the information on the ground that he stole the property, therefore, he could not be convicted of receiving the same property he stole. The trial court granted the motion and dismissed the information. The State appeals contending that under the allegations of the information Brooks could be convicted of retaining the property he stole.
The factual allegations in Brooks’ motion to dismiss were not disputed. He stole a car and the personal property in it in Arizona. He drove the car to St. Augustine where he abandoned it. Upon abandoning the car, he removed the personal property and took it to Duval County where he was arrested and charged with the crime alleged in the information.
*418 Section 812.031 was enacted by Sec. 41, Ch. 74-383, Laws of Florida (1974), which was a rewording and renumbering of Section 811.16, Florida Statutes (1973). The word “retains” was added to Section 812.-031(1) and the State contends this addition changes the prior law of Florida. We do not agree.
Since 1910 the law of Florida has been that a lone thief cannot be convicted of receiving the same property he stole. Adams v. State, 60 Fla. 1, 53 So. 451 (1910). This Court recently adhered to this principle in McWhirter v. State, 325 So.2d 463 (Fla. 1st DCA 1976). If a thief- cannot be convicted of receiving property stolen by him, he cannot be convicted of retaining property stolen by him. By adding the word “retains” in Section 812.031(1), it was the intent of the legislature to cover the situation where a person acquires possession of property not knowing it was stolen, subsequently learns it is stolen, but retains the property. We do not have such a situation here.
The order appealed is affirmed.
RAWLS, Acting C. J., concurs.
BOYER, J., dissents.