391 So.2d 725 (1980)
William Sam COLEY, Appellant,
v.
STATE of Florida, Appellee.
No. TT-228.
District Court of Appeal of Florida, First District.
December 19, 1980.
Rehearing Denied January 13, 1981.
*726 Michael J. Minerva, Public Defender, and Thomas Presnell, Jr., Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks reversal of his criminal conviction based upon his contention that the trial judge gave an erroneous jury instruction. He was charged in separate counts with armed robbery and dealing in stolen property, the subject matter of both offenses being the same property, and the jury returned a verdict of guilty on both charges. Appellant maintains that it was error for the trial judge to instruct the jury that a guilty verdict could be returned on both charges, citing Section 812.025, Florida Statutes (1977), which permits trial for theft and dealing in stolen property in connection with one scheme or course of conduct, but provides that the jury may return a guilty verdict for only one of the offenses. We hold that it was not error to give the jury instruction, which incidentally was not objected to at the trial, nor was it error to permit a jury verdict of guilty to be returned on both charges, since the statute by its terms is limited in its application to the specific crimes of theft and dealing in stolen property, whereas the charges here were armed robbery and dealing in stolen property.
Appellant urges that, notwithstanding the statute's facial application to theft, as opposed to armed robbery, it should be construed as equally applicable to armed robbery, since every robbery necessarily includes *727 a theft. Appellant argues that a finding of guilt of both obtaining property by means of a robbery and dealing in the same stolen property is precisely the inconsistency condemned by the statute. We do not agree.
The "inconsistency" argument advanced by appellants stems from the rule, well established in Florida case law, that larceny (or theft) and receiving stolen property are inconsistent substantive offenses, so that one cannot at the same time commit both offenses as to the same property. Adams v. State, 60 Fla. 1, 53 So. 451 (1910); State v. Brooks, 348 So.2d 417 (Fla. 1st DCA 1977).
The reason for the rule, prohibiting conviction of both larceny and receiving or concealing the same stolen property, lies in the fact that the actions which constitute the taking or asportation of the property so far as the larceny is concerned are inseparable from those actions which constitute the receiving or concealment of the property. Thus, the receiving or concealment is considered not something that occurs subsequent to the larceny, but is in fact a part of it. See Adams v. State, supra.
However, we are dealing here with the statutory offense of "dealing" or "trafficking" in stolen property under Section 812.019, Florida Statutes, which differs from the old common law offense of "receiving stolen property." Padgett v. State, 378 So.2d 118 (Fla. 1st DCA 1980).
The offense of dealing in stolen property is committed not merely by possessing stolen property knowing the same to be stolen, which was essentially the former offense of "receiving stolen property." The offense of "dealing" in stolen property is committed by one who "traffics" in such property, the term "traffic" as defined in Section 812.012(7)(a) meaning "To sell, transfer, distribute, dispense or otherwise dispose of property" or, under subparagraph (7)(b), "To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property." We conclude, therefore, that the actions which constitute the offense of dealing in stolen property encompass the sale, distribution or transfer of the property, or the receiving, possessing or obtaining control of the property with the intent to sell, transfer or distribute it. These additional elements, furthermore, are separate and distinct from the essential elements of the crime of theft. Thus, absent the prohibition of the statute, Section 812.025, we can envision no reason why a person might not be the thief and also be guilty of dealing in the same stolen property.
We see no reason to expand the operation of the statute to any crime not specified by its terms. The familiar canon of statutory construction, "the expression of one thing excludes another," supports our conclusion that if the legislature had intended the statute to apply to the offense of robbery, it would have said so. Furthermore, the offenses of robbery and theft are sufficiently distinguishable, the former encompassing the additional element of a taking of property from the person or possession of another person by means of force, violence, assault or putting in fear, so that the additional exception of "robbery" cannot be read into the statute by implication. We are also of the opinion that our construction harmonizes with Section 775.021(4) (Florida Statutes), under which two or more separate crimes, other than lesser included offenses, committed in the course of one criminal transaction or episode are treated and punishable as separate and distinct criminal offenses.
We note the failure of the trial court to enter judgment of guilt as to the offense of dealing in stolen property. In event such a judgment is entered, appellant would of course have available to him his right of appeal as to any errors alleged to have occurred in connection with his conviction of that offense.
The judgment appealed from is AFFIRMED.
MILLS, C.J., and BOOTH and LARRY G. SMITH, JJ., concur.