453 So.2d 1192 (1984)
Jeffrey JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-45.
District Court of Appeal of Florida, Third District.
August 14, 1984.
*1193 Bennett H. Brummer, Public Defender, and Dubiner & Blumberg and Sara Bresky Blumberg, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Randi B. Klayman, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Jeffrey Jones appeals from conviction and sentence for burglary of a structure, sexual battery, robbery, grand theft second degree, and dealing in stolen property. For reasons more fully developed below, we affirm in part and reverse in part.
As his main point on appeal, appellant argues that the trial court erred in allowing the jury to hear testimony regarding the sexual assault by the co-defendant. He further states that despite the fact that he was charged with other crimes upon the person and property of the victims, the repeated references to the co-defendant's sexual assault upon the victim could serve no purpose other than to prejudice and inflame the minds of the jury against him. While we believe such references to have been zealous overkill, and thus erroneous, cf. Rolle v. State, 431 So.2d 326 (Fla. 3d DCA 1983), we find that the error, given the totality of the circumstances as reflected by the trial record, was not prejudicial to the substantial rights of the appellant.
The issue presented herein involves application of the harmless error doctrine, which is well-established. In Palmes v. State, 397 So.2d 648 (Fla. 1981), the Florida Supreme Court stated:
In determining whether an erroneous ruling below caused harm to the substantial rights of the defendant, an appellate court considers all the relevant circumstances, including any curative ruling or event and the general weight and quality of the evidence. In other words, the court inquires generally whether, but for the erroneous ruling, it is likely that the result below would have been different.
Id. at 653-654. See also Recinos v. State, 420 So.2d 95, 98 (Fla. 3d DCA 1982). The court went on to say:
When the error affects a constitutional right of the defendant, the reviewing court may not find it harmless `if there is a reasonable possibility that the error may have contributed to the accused's conviction or if the error may not be found harmless beyond a reasonable doubt.' Even such `constitutional error,' however, may be treated as harmless where the evidence of guilt is overwhelming.
Id. at 654 (citations omitted). See also Drake v. State, 441 So.2d 1079, 1082 (Fla. 1983). More recently, the United States Supreme Court stated that "the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations." United States v. Hastings, 461 U.S. 499, ___, 103 S.Ct. 1974, 1980, 76 *1194 L.Ed.2d 96, 106 (1983).[1] Thus, the correct standard for appellate review is whether "the error committed was so prejudicial as to vitiate the entire trial[,]" State v. Murray, 443 So.2d 955, 956 (Fla. 1984); Harris v. State, 449 So.2d 892, 897 (Fla. 1st DCA 1984)(e.s.); that is, whether there is a demonstration of prejudice to the substantial rights of the defendant such that it may have contributed to the accused's conviction or changed the outcome of the trial. There is no such showing here.
Appellant was arrested solely on the basis of having sold the victims' stereo to an informant. Later, after having been given Miranda warnings, he confessed to a number of crimes against the victims, including his own gratuitous sexual battery of the wife. While the voluntariness of the confession was argued below, the trial court found that it was freely made, the confession was admitted as evidence, and it is not challenged on appeal. Appellant's confession mirrored the horrifying events as testified to by the victims. Thus, there was ample and overwhelming evidence upon which the jury could find this appellant guilty and we cannot say that the jury was inflamed enough by the evidence of the other sexual assault to reach an unjust or incorrect verdict, or that appellant was unduly prejudiced by its admission. See Lee v. State, 444 So.2d 580 (Fla. 5th DCA 1984). We add, however, the cautionary note expressed by this court in Molina v. State, 447 So.2d 253 (Fla. 3d DCA 1983):
Merely because error can be rendered harmless because of other evidence, it is error nonetheless. Although a conviction in a strong case may be affirmed on a harmless error theory, that is not an invitation to prosecutors to commit the error and does not in any way affect their obligation to avoid deliberately eliciting inadmissible testimony in order to further tip the scales against the defendant.
Id. at 255 (Pearson, J., specially concurring).
As his second issue on appeal, appellant argues that the trial court erred in not setting aside the conviction for grand theft when there was also a conviction for dealing in stolen property. Appellant urges that section 812.025, Florida Statutes (1981)[2] precludes convictions and sentences for both offenses. We find that this argument has merit, notwithstanding the state's attempt to circumvent the statute's prohibition by limiting the grand theft count to the stolen car and limiting the dealing in stolen property count to the stereo component system. Since the theft of the car and the stereo and the sale of the stereo two days later were all a portion of the same scheme or course of conduct, see Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981), the convictions and sentences for both grand theft and dealing in stolen property cannot stand. Accordingly, we reverse the conviction and sentence for grand theft, second degree.
Finally, appellant points out that the trial court included the fifteen year sentence for dealing in stolen property when it computed the term of his imprisonment over which it could retain jurisdiction pursuant to section 947.16, Florida Statutes (1981). This was error. Section 947.16(3) lists the crimes for which a trial court may retain jurisdiction over the offender for review of a parole commission order. Dealing in stolen property is not included in the statutory list of crimes. Therefore, the inclusion of the fifteen years must be stricken. This, coupled with the reversal of the conviction and sentence for grand theft, means that the trial court may retain *1195 jurisdiction over the first 99 years of appellant's sentence only.
The ruling of the trial court is affirmed in part, reversed in part, and remanded for correction of the sentencing errors. The defendant does not need to be present when sentence is corrected.
NOTES
[1] The Court went on to say, however, that prosecutorial misconduct would not be condoned. It stated that the appropriate punishment for such misconduct would be to refer the matter to the local Bar Disciplinary Committee.
[2] Section 812.025 states:

Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.