PER CURIAM.
Defendant appeals his convictions and sentence for burglary of a dwelling with assault and trafficking in stolen property. We reverse.
*1186 Defendant and ten others were charged under the Florida Racketeering Influenced and Corrupt Organization (RICO) Act with racketeering activities involving some fourteen home invasions which occurred over a five-year period. Defendant’s convictions for armed robbery with a firearm, false imprisonment, armed burglary of a dwelling with a deadly weapon, burglary of a dwelling with assault, and trafficking in stolen property were all based on one incident involving the invasion of one family’s home. He was acquitted of all racketeering, conspiracy, and firearm possession charges. The defendant now appeals.
First, it was error to convict the defendant of trafficking in stolen property when the property fenced was the same property that was taken from the victims and for which course of conduct the defendant was also convicted of robbery and burglary. In this case, the morning after the robbery, the.defendant and his cohorts sold the jewelry taken from the victims and split the proceeds. Clearly, under the circumstances, this constituted a continuing deprivation of the victims’ property which was “all a portion of the same scheme or course of conduct.” Jones v. State, 453 So.2d 1192, 1194 (Fla. 3d DCA 1984). Consequently, under this court’s holding in Jones and section 812.025, Florida Statutes (1987),[1] the defendant’s conviction for trafficking in stolen property must be reversed. Recognizing that this holding conflicts with that of the first district in Coley v. State, 391 So.2d 725 (Fla. 1st DCA 1980), we certify this issue to the supreme court.
Second, we reverse the conviction and sentence for burglary of a dwelling with assault because it duplicates the defendant’s conviction for armed burglary which was based on the same incident. Hawkins v. State, 436 So.2d 44 (Fla.1983); Trotman v. State, 545 So.2d 890 (Fla. 4th DCA 1989).
Upon the defendant’s convictions, the judge sentenced him to twenty-five years imprisonment, an upward departure from the recommended four and one-half to five and one-half year term. The judge gave two reasons: 1) the invasion was based on inside information to the robbery gang about the victims; and 2) the defendant used a handgun and threatened great bodily harm, and the force used was excessive in light of the minimal resistance from the victims.
The court’s two reasons for the sentence departure were inappropriate because they repeated facts for which the defendant was either acquitted or already convicted. The first reason is totally consumed by the RICO charges of which defendant was acquitted. State v. Tyner, 506 So.2d 405, 406 (Fla.1987). As for the second reason, the defendant was acquitted of possession of a firearm during the incident, so threatening the victims while displaying a handgun was an impermissible basis for departure. Cf. Earnest v. State, 351 So.2d 957 (Fla.1977); Jenkins v. State, 448 So.2d 1060 (Fla. 4th DCA 1984), approved in part, quashed in part, 466 So.2d 1068 (Fla.1985). Likewise, the rationale that excessive force was used is impermissible based on the facts of this case. The jury refused to find excessive force was used by this defendant since it acquitted him of an armed kidnapping charge and convicted him instead of the lesser included offense of false imprisonment which involves the element of forcible restraint but negates intent to inflict bodily harm.
Accordingly, we reverse the convictions for burglary of a dwelling with assault and for trafficking in stolen property and remand for resentencing within the guidelines.

. 812.025 Charging theft and dealing in stolen property. — Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for tria!, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
Florida Statutes (1987).