SHAW, Chief Justice.
We have for review Zanger v. State, 561 So.2d 1185 (Fla. 3d DCA 1989), in which the district court certified conflict with Coley v. State, 391 So.2d 725 (Fla. 1st DCA 1980). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash in part the decision of the district court below.
The issue presented by this case is whether section 812.025, Florida Statutes (1983), prohibits dual convictions for robbery and dealing in stolen property based on the same property. We conclude that it does not.
Zanger was convicted of armed robbery based on a home invasion that took place in August 1984. He also was convicted of dealing in stolen property for selling jewelry taken during the robbery. The district court reversed the dealing conviction, ruling that it was error under section 812.025 to convict Zanger of dealing in stolen property where the property fenced was the same property taken during the course of a robbery for which Zanger also was convicted. The court recognized conflict with Coley, in which the court held that the statute bars dual convictions for theft and dealing in stolen property but not for robbery and dealing in stolen property.
Section 812.025 provides:
812.025 Charging theft and dealing in stolen property. — Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
Zanger argues thusly: The statute prohibits dual convictions for theft and dealing *1380 m stolen property, and this Court in Carawan v. State, 515 So.2d 161 (Fla.1987), has indicated that robbery and grand theft are similar offenses. Therefore, the statute also bars dual convictions for robbery and dealing in stolen property.
Carawan is inapplicable here; the present offenses were based on separate acts: Zanger robbed the victims and then sold the jewelry the following day. Further, we have no reason to conclude that the legislature intended section 812.025 to mean anything other than what it clearly says — dual convictions for theft and dealing in stolen property are improper. The statute leaves robbery wholly unmentioned. Had the legislature intended to include it in the proscription, it could easily have done so. Robbery is a separate offense from theft and we simply have no basis for reading it into the statute. “The provisions of this code and offenses defined by other statutes shall be strictly construed....” § 775.021, Fla.Stat. (1983).
Accordingly, we quash that portion of Zanger that deals with this issue and remand for reinstatement of the trafficking conviction. We approve the remainder of the decision and that in Coley.
It is so ordered.
overton, McDonald, ehrlich and GRIMES, JJ., concur.
BARRETT and KOGAN, JJ., dissent.