NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VINCENT HARRISON,                        )
                                         )
            Petitioner,                  )
                                         )
v.                                       )        Case No. 2D15-2436
                                         )
STATE OF FLORIDA,                        )
                                         )
            Respondent.                  )
_____  )

Opinion filed December 23, 2015.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Hillsborough County;
Chet A. Tharpe, Judge.

Vincent Harrison, pro se.


ALTENBERND, Judge.

        In his timely petition filed under Florida Rule of Appellate Procedure

9.141(d), Mr. Harrison alleges that his private appellate counsel was ineffective for

advising him to sign a notice of voluntary dismissal and then filing it for him after she

determined that she was unable to write a brief on his behalf.  Mr. Harrison contends

that his appellate counsel should have instead filed a brief arguing that his convictions

for robbery with a firearm and dealing in stolen property violate the prohibitions against

double jeopardy and are fundamental error. We deny Mr. Harrison's petition because he cannot demonstrate that his appellate counsel's failure to raise this issue in his direct appeal prejudiced him. See Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000) ("If a legal issue 'would in all probability have been found to be without merit' had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective.") (quoting Williamson v. Dugger, 651 So. 2d 84, 86 (Fla. 1994)); State v. Zanger, 572 So. 2d 1379, 1380 (Fla. 1991) (holding that convictions for robbery and dealing in stolen property do not violate the prohibitions against double jeopardy). However, we write to question what may be one appellate attorney's practice of inducing her clients to file a notice of voluntary dismissal to avoid filing a brief pursuant to In re Anders Briefs, 581 So. 2d 149, 151 (Fla. 1991).

Mr. Harrison attached to his petition a letter from his appellate attorney's legal assistant. This letter references a telephone conversation between Mr. Harrison and the attorney and instructs Mr. Harrison to sign and return an enclosed notice of voluntary dismissal. The letter concludes: "As you and [the attorney] discussed she will not file the notice unless she is unable to write a [b]rief on your behalf. Thank you for your attention in this matter."

This court's records reveal that Mr. Harrison was represented by a public defender at his trial and that the public defender was appointed to represent him in his direct appeal. After the record was filed in this court, the public defender withdrew, and Mr. Harrison's private appellate counsel filed a notice of appearance. The public defender forwarded the record on appeal to the new private counsel who filed the notice

of voluntary dismissal. Nothing in this court's record or in the attachments to Mr. Harrison's petition indicates why that attorney would be "unable" to "write" Mr. Harrison's initial brief.

While an appellate attorney may have a strategic reason for advising a client to dismiss his or her criminal appeal in certain circumstances,[1] an inability to write an initial brief is not a strategic decision. If an attorney is physically unable to write a brief, he or she should arrange for able counsel to be appointed or retained. If the inability is the attorney's failure to recognize an issue of arguable merit, the attorney is required to follow the procedures outlined by the United States Supreme Court in Anders v. California, 386 U.S. 738 (1967). See In re Order of First Dist. Ct. of App. Regarding Brief Filed in Forrester v. State, 556 So. 2d 1114, 1116 (Fla. 1990) ("The Anders brief must evidence a complete and careful review of the record in order to support counsel's representation that the appeal is wholly frivolous.").

The Anders procedure was developed to protect the Sixth and Fourteenth Amendment rights of every criminal defendant to vigorous representation of counsel in the first appeal of right. Penson v. Ohio, 488 U.S. 75, 83-84 (1988). Had Mr. Harrison's appellate counsel filed an Anders brief, this court would have "assume[d] the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record." See In re Anders Briefs, 581 So.

_____

[1]For example, if an appellant's conduct subsequent to conviction provides grounds for the State to agree to a sentence reduction or modification that would result in the appellant's immediate release, an appellate attorney might have a strategic reason to advise the appellant to file a notice of voluntary dismissal in the appellate court so that the trial court would have jurisdiction to consider a motion for sentence reduction or modification filed under Florida Rule of Criminal Procedure 3.800(c). Similarly, in certain circumstances, an appellant may choose to forego an appeal to immediately pursue a claim that must be raised in a motion filed under rule 3.850.

2d at 151.  If this court had determined that "the record supports any arguable claims," we would have stricken the Anders brief and ordered Mr. Harrison's appellate counsel to file a merits brief.[2]  Id.  But by filing a notice of voluntary dismissal, Mr. Harrison waived these protections.  Mr. Harrison has no right to similar protections in postconviction proceedings.  Rather, a postconviction litigant generally has no right to the assistance of counsel, and the litigant has the burden to plead a facially sufficient claim upon which relief can be granted before the postconviction court reviews the record to determine whether he or she may be entitled to relief.

While Mr. Harrison's appellate counsel might have had a reasonable strategic reason for inducing him to waive these protections, the brief letter from the assistant does not reflect it.  Although we do not so hold today, it is at least conceivable that in rare instances an appellate counsel's advice to voluntarily dismiss an appeal when an Anders brief should be filed could constitute ineffective assistance of counsel. In the future, this appellate attorney may want to consider whether a voluntary dismissal is truly in a client's best interests and, if so, document the reasoning in any correspondence to the client related to a voluntary dismissal.

Petition denied.


WALLACE and BLACK, JJ., Concur.

---

[2]See, e.g., Chapman v. State, 40 Fla. L. Weekly D1597 (Fla. 2d DCA July 10, 2015).