# District of Columbia
# Court of Appeals



FILED

FEB **11** 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

**No. 14-CV-283**

C. ALLISON DEFOE REESE,

                                      Appellant,

    v.

                                     **CAB-4760-12**

NICOLE A. NEWMAN, *et al.*,

                                      Appellees.

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: Fisher and McLeese, Associate Judges; and King, Senior Judge.

## J U D G M E N T

This case came to be heard on the transcript of record, the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment on appeal is affirmed.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: February 11, 2016.

Opinion by Senior Judge Warren R. King.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CV-283

C. ALLISON DEFOE REESE, APPELLANT,

v.

NICOLE A. NEWMAN, *et al.*, APPELLEES.

FILED 2/11/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court of the
District of Columbia
(CAB-4760-12)

(Hon. Judith Bartnoff, Trial Judge)

(Argued January 11, 2016                     Decided February 11, 2016)

*Eden Brown Gaines* for appellant.

*Wendell C. Robinson* for appellee.

Before FISHER, *Associate Judge*, MCLEESE, *Associate Judge*, and KING, *Senior Judge*.

KING, *Senior Judge*: Appellant, C. Allison Defoe Reese, and appellee, Nicole Newman, were co-owners of ANR Construction Management, LLC ("ANR"). Following disputes over management of the company, Newman notified Reese in writing that she intended to withdraw from, dissolve, and wind-up the LLC. Reese did not want to dissolve the LLC but preferred that Newman simply

be dissociated so that Reese could continue the business herself.  Newman filed an action for judicial dissolution in the Superior Court along with a number of other claims.  Reese filed a counterclaim for Newman's dissociation in addition to other claims.  Following a jury trial, the jury awarded Newman $19,000 on her conversion claim, and found grounds for both judicial dissolution and forced dissociation of Newman; the court, thereafter, ordered judicial dissolution of the LLC.  All other claims by the parties were rejected.  Reese appeals from a judgment entered on the jury verdicts, and the trial court's order of dissolution.[1] We affirm.

## I.    Facts

On June 4, 2012, Newman filed a complaint in Superior Court alleging breach of contract against her business partner, Reese, with whom she founded ANR Construction Management in 2006.  Newman claimed that she and Reese had begun experiencing substantial differences in regards to the business which

---

[1]  Although Reese raises a number of issues on appeal we think only one merits attention in a published opinion—whether, when a jury makes findings sufficient to merit both judicial dissolution and forced dissociation by judicial order under the District's LLC statute, the trial court has discretion to choose between the two outcomes or is required, as argued by Reese, to force dissociation. The other issues raised on appeal will be summarily disposed of as discussed.

prompted her to issue to Reese a "NOTICE OF INTENT TO WITHDRAW FROM PARTNERSHIP, DISSOLVE, AND WIND-UP BUSINESS" on May 9, 2012.[2] Newman alleged that very shortly after she delivered her notice, Reese locked Newman out of the LLC's bank accounts, blocked her remote access to the LLC's files and email, and ended her salary and health benefits. Newman asked the court to enjoin Reese from any further action intended to dissociate Newman from the LLC, and for $500,000 in damages.[3]

On September 9, 2012, Newman filed a First Amended Complaint adding claims for breach of fiduciary duty, conversion, accounting, and judicial

---

[2] The notice said that Newman intended to withdraw, dissolve, and wind-up the business in sixty days. Under D.C. Code § 29-806.02 (1) (2013 Repl.), if a member gives the LLC notice of intent to withdraw and specifies a later withdrawal date, dissociation becomes effective upon the date specified. We note, however, that Newman's notice was more than an intent to withdraw as it clearly requested dissolution and winding up as well.

[3] At June 7, 2012, and June 28, 2012, hearings on the injunction request, there was considerable discussion regarding whether Newman did or did not intend to withdraw from the LLC. However, in its final order, the trial court specifically found that Newman had rescinded her original notice of intent to withdraw, and instead converted it into an action for judicial dissolution. While Reese does argue before us that Newman was dissociated as a matter of law sixty days after the "NOTICE OF INTENT TO WITHDRAW FROM PARTNERSHIP, DISSOLVE, AND WIND-UP BUSINESS" was issued, Reese neither directly challenges the trial court's finding that the notice had been rescinded nor presents any basis for us to conclude that the trial court erred in making that finding.

dissolution. On November 26, 2012, Reese filed her Answer to the First Amended Complaint and counterclaims including a direct action seeking $500,000 in damages, dissociation of Newman from ANR, breach of loyalty, good faith and fair dealing, breach of contract, and tortious interference with contractual business. On December 3, 2012, Newman filed a Second Amended Complaint which added negligence and fraud claims. Reese moved for summary judgment on August 23, 2013; the motion was denied on September 27, 2013.[4]

Ultimately, the parties' claims were resolved in a jury trial which concluded on October 25, 2013. The jury returned a $19,000 verdict for Newman on her conversion claim, and denied all other claims for both parties.[5] In addition to the

---

[4] Reese challenges the denial of her summary judgment motion on appeal, however, we will not review such a denial pursuant to *Morgan v. Am. Univ.*, 534 A.2d 323, 325-29 (D.C. 1987).

[5] In this appeal, Reese challenges the evidentiary bases for both of the jury's verdicts in favor of Newman and the jury's failure to return a verdict in her favor. We will not disturb a jury's verdict if there is "any substantial evidence which will support the conclusion reached." *Boynton v. Lopez*, 473 A.2d 375, 376 (D.C. 1984). "Substantial evidence repeatedly has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wheeler v. District of Columbia Bd. of Zoning Adjustment*, 395 A.2d 85, 89 (D.C. 1978) (internal quotation marks and citation omitted).

After four days of trial, testimony from multiple witnesses (including the parties), and tens of exhibits including bank records, tax returns, and internal ANR

(continued…)

damages claims, the jury was asked to make specific findings on the statutory grounds which permit both judicial dissolution of the LLC pursuant to D.C. Code § 29-807.01 (a)(5) (2013 Repl.) based on Reese's conduct, and judicial expulsion of a member pursuant to D.C. Code § 29-806.02 (5) with respect to Newman's conduct. The jury returned findings that would support both judicial dissolution and dissociation of Newman as a member. The trial judge chose to order dissolution of the LLC based on the evidence presented and the jury's findings, and opted not to order the expulsion of Newman. Reese appealed.[6]

## II.     Trial Court's Discretion Under the Limited Liability Company Statute

Reese argues that the trial court erred when it purported to use discretion in

---

(…continued)
documents, the jury had substantial evidence to find in favor of Newman. We also note that the jury denied relief on all but one of Newman's claims, and on that claim returned a verdict of only $19,000 when the relief sought by Newman was in excess of $500,000.

[6] Aside from the issue regarding a judge's discretion under the code, which will be discussed in detail, Reese's remaining issues on appeal are asserted procedural errors all subject to review for an abuse of discretion, and easily disposed of. *See Mayers v. Mayers*, 908 A.2d 1182, 1187 (D.C. 2006) ("Matters of discretion are reviewed for an abuse of discretion."). Reese alleges that it was error for the court to deny her motion to enjoin Bank of America from freezing the LLC's funds, and to deny her motion for recusal. She also alleges that it was error to exclude certain testimony regarding her husband Kevin Reese, and to refuse a certain jury instruction regarding notice under the dissociation statute. We discern no abuse of discretion.

choosing between dissolution of the LLC, as proposed by Newman, and forcing dissociation of Newman from the LLC, as proposed by Reese. Reese argues that the statute does not allow for any discretion by the court, and that, in fact, the statute mandates that the court order dissociation of Newman based on the jury's findings. We disagree.

In matters of statutory interpretation, we review the trial court's decision de novo. *See Tippett v. Daly*, 10 A.3d 1123, 1126 (D.C. 2010). Our analysis starts with the plain language of the statute, as the general rule of statutory interpretation is "that the intent of the lawmaker is to be found in the language that he has used." *Id*. (quoting *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc)). To that end, "the words of the statute should be construed according to their ordinary sense and with the meaning commonly attributed to them." *Id*. (citation omitted).

Reese argues that the court was required to dissociate Newman from the LLC under D.C. Code § 29-806.02 (5) which reads:

> A person *shall* be dissociated as a member from a limited liability company when:
> . . .
> (5) On application by the company, the person is

expelled as a member by judicial order because the person has:

(A) Engaged, or is engaging, in wrongful conduct that has adversely and materially affected, or will adversely and materially affect, the company's activities and affairs;

(B) Willfully or persistently committed, or is willfully and persistently committing, a material breach of the operating agreement or the person's duties or obligations under § 29-804.09; or

(C) Engaged in, or is engaging, in conduct relating to the company's activities which makes it not reasonably practicable to carry on the activities with the person as a member. . . .

D.C. Code § 29-806.02 (5) (emphasis added).

Reese's interpretation of the statute is that, upon application to the court by a company, *a judge shall* dissociate a member of an LLC, when that member commits any one of the actions described in subsections (5)(A)-(C). We disagree with Reese's interpretation; her interpretation places a command on the trial judge that does not exist.

At oral argument, Reese's counsel emphasized the word "shall" in § 29-806.02. While the introductory language of § 29-806.02 does use the word "shall"— that command is in no way directed at the trial judge. It reads, "[a] person shall be dissociated . . . when," and then goes on to recite fifteen separate

circumstances describing different occasions *when a person shall be dissociated from an LLC.* That is to say, when one of the events described in subparagraphs (1) through (15) occurs, the member shall be dissociated. Subparagraph (5), however, is merely one instance for which a person *shall be dissociated*; that is, when and if a judge has ordered a member expelled because she finds that any conditions under (5)(A)-(C) have been established. In other words, the command in the introductory language is not directed at the trial judge, it is directed at all the circumstances set forth in subparagraphs (1) through (15) each of which identifies a different basis for which a member of an LLC shall be dissociated. There is nothing in the language of § 29-806.02 (5) that strips a judge of her discretion because it does not require the judge to expel the member if any of the enumerated conditions are established. In short, § 29-806.02 (5) means: when a judge has used her discretion to expel a member of an LLC by judicial order, under any of the enumerated circumstances in (5)(A)-(C), that member *shall* be dissociated.

Under Reese's view, because the jury here found grounds for dissociation, even though it also found grounds for dissolution, the judge necessarily had to dissociate Newman because, Reese argues, the language in § 29-806.02 (5) is compulsory. Although Reese argues that the language of the "dissociation" section of the District's code should be read as forcing the hand of a trial judge who finds

grounds for dissociation, Reese attempts to read the "dissolution" section differently.

Reese differentiates the sections by pointing to the dissolution section's express authorization to order a remedy other than dissolution in § 29-807.01 (b) which provides: "[i]n a proceeding brought under subsection (a)(5) of this section, the Superior Court may order a remedy other than dissolution." While we are satisfied that judicial dissolution of an LLC is discretionary under this statute, Reese's attempt to buttress her argument that § 29-806.02 (5) is compulsory by pointing to this express provision in the dissolution section and the absence of a similar express provision in the dissociation section is unavailing.[7] First, as we noted above, there is no "shall" in § 29-806.02 (5); the only "shall" in the

---

[7] In fact, § 29-807.01 (b) allows the trial judge to choose between dissolution and some other "remedy." Thus, the trial judge is given a choice: dissolution or something else (here dissociation). When a trial judge is given a choice between two permissible alternatives, that means the judge has "discretion" to select one or the other. *See Smith v. Alder Branch Realty Ltd. P'ship*, 684 A.2d 1284, 1289 (D.C. 1996) (citation omitted) ("A discretionary call, by definition, is one that allows more than one decision. In reviewing the exercise of trial court discretion, our role is to assure that the trial court knew that it had discretion and applied the proper considerations."); *Johnson v. United States*, 398 A.2d 354, 361 (D.C. 1979) (citation omitted) ("Discretion signifies choice. First, the decision-maker exercising discretion has the ability to choose from a range of permissible conclusions. The decision-making activity is not ministerial and the various elements of the problem do not preordain a single permissible conclusion."). Here, the trial judge chose dissolution.

dissociation section is in the introductory language, and the same "shall" can be found in the same place, in the dissolution section: "[a] limited liability company is dissolved, and its activities and affairs *shall be wound up*, upon the occurrence of any of the following." § 29-807.01 (a) (emphasis added). If that language does not make the rest of the section mandatory in the dissolution section, and we are persuaded that it does not, it cannot be said that the "shall" in the introduction of the dissociation section does the opposite.

Not only does the plain language necessitate an interpretation contrary to Reese's interpretation but additional authority persuades us as well. The District's law adopts language almost identical to the Revised Uniform Limited Liability Company Act (2013) ("RULLCA").[8] Section 602 (6) of the RULLCA is substantially mirrored in § 29-806.02 (5) of the D.C. Code. The comments to § 602 provide solid guidance: "[w]here grounds exist for both dissociation and dissolution, a court has the discretion to choose between the alternatives." RULLCA § 602 cmt. ¶ 6 (citing *Robertson v. Jacobs Cattle Co.*, 830 N.W.2d 191, 201-02 (Neb. 2013)). The notion that a judge has discretion to choose between alternatives (dissociation or dissolution) when grounds for both exist bolsters our

---

[8] *Compare* D.C. Code § 29-806.02 *with* Revised Unif. Ltd. Liab. Co. Act § 602.

view that the language in § 29-806.02 (5) is not compulsory. Otherwise, when grounds for both dissolution and dissociation were present, dissolution would never be mandated by a court because dissociation of a member would always necessarily trump it.

In sum, we hold that § 29-806.02 (5) can only be interpreted to mean: when a judge finds that any of the events in (5)(A)-(C) have taken place, she may (*i.e.*, has discretion to) expel by judicial order a member of an LLC, and when a judge has done so the member *shall* be dissociated. Moreover, when both grounds for dissociation of a member and dissolution of the LLC exist, the trial judge has discretion to choose either alternative.

Here, the jury was asked to respond to specific interrogatories on the grounds for both dissociation and dissolution. The jury found that grounds were present for either outcome. The trial judge acknowledged that both options were on the table and then exercised her discretion in ordering that dissolution take place.[9] We find no reason to disturb that order.

---

[9] The trial court found that in light of the jury finding that both statutory bases, § 29-807.01 (a)(5)(A) and (B), for judicial dissolution were met, (i.e., that Reese acted or is acting in a manner that is illegal or fraudulent, and that she was acting in a manner that was or would be directly harmful to Newman) it would be

(continued…)

### III. Conclusion

Accordingly, the judgment in this appeal is therefore affirmed.

*So ordered.*

---

(…continued)
inappropriate to decline to order dissolution. The court further found that, although the jury did make findings that would allow her to order the dissociation of Newman, the jury also found that Newman was not and had not willfully or persistently committed a breach of the partnership agreement or of her duty of loyalty to ANR. Therefore, the court reasoned, because the result of a dissociation order would be that Reese alone (who was found to have been acting in a manner that was illegal or fraudulent) would be left to wind-up ANR, such a result would not be equitable, and that a more equitable result would arise if she declined to expel Newman—that both parties would be on equal footing during the winding up of the company.