*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 22-CM-0878

ANTONIO LUCAS, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2020-CMD-008561)

(Hon. Robert I. Richter, Hon. Frederick H. Weisberg, Trial Judges)

(Argued September 21, 2023                    Decided December 7, 2023)

*Timothy Cone, Esq.*, for appellant.

*Lauren Winer*, Assistant United States Attorney, for appellee. *Matthew M. Graves*, United States Attorney, and *Chrisellen R. Kolb*, *Nicholas P. Coleman*, *Courtney Scholz*, *Anthony Cocuzza*, and *Valerie Tsesarenko*, Assistant United States Attorneys, were on the brief, for appellee.

Before BECKWITH, ALIKHAN, and SHANKER, *Associate Judges*.

ALIKHAN, *Associate Judge*: Antonio Lucas robbed Xavier Scott in Maryland, boarded a Metro train, and traveled into the District of Columbia. Less than thirty minutes later, Mr. Lucas was arrested in the District with Mr. Scott's property in his possession. We consider whether Mr. Lucas was properly convicted of receiving

stolen property ("RSP") under D.C. Code § 22-3232.  We hold that Mr. Lucas "possess[ed]" stolen property in the District within the meaning of the statute, and therefore affirm.

## I.      Factual Background and Procedural History

The following facts are undisputed on appeal.  On November 7, 2020, at approximately 7:55 p.m., Antonio Lucas and Rasheed Ashton robbed Xavier Scott outside the Addison Road Metro station in Maryland.  Mr. Scott was waiting at a bus stop when Mr. Lucas and Mr. Ashton approached him.  Mr. Lucas instructed Mr. Scott, "empty out your pockets.  I got that thing on me."  Mr. Scott understood "that thing" to be a gun and told Mr. Lucas to take what he needed.  Mr. Ashton took Mr. Scott's headphones, wallet, cell phone, and jacket.  When Mr. Scott tried to stand up, Mr. Lucas struck Mr. Scott in the face and asked him whether he wanted to get shot.  Mr. Lucas and Mr. Ashton then entered the Addison Road Metro station, where they were caught on video boarding a District-bound train.  In the video footage, Mr. Lucas is carrying a black jacket, which Mr. Scott later identified as his.

After the robbery, Mr. Scott entered the Metro and asked the station manager to call the police.  Around 8:20 p.m. at the L'Enfant Plaza Metro station in the District, Sergeant Anthony Weaver detained two individuals who matched Mr. Scott's description of the individuals who had robbed him.  Detective Brett

Chavis drove Mr. Scott from Addison Road to L'Enfant Plaza, and Mr. Scott identified Mr. Lucas and Mr. Ashton as the men who had robbed him. Police found Mr. Scott's credit cards and cell phone in Mr. Lucas's pocket, and Mr. Lucas had Mr. Scott's black jacket draped over his arm.

Mr. Lucas was charged with one count of RSP in violation of D.C. Code § 22-3232. He filed a motion to dismiss for lack of jurisdiction, arguing that the alleged offense took place in Maryland, not the District. The trial court denied the motion, reasoning that Section 22-3232 does not require that the property have been stolen in the District. Instead, the court explained that Mr. Lucas could be convicted under the statute if the government proved that he possessed the stolen property in the District and knew or should have known that the property was stolen.

After a bench trial, the trial court found Mr. Lucas guilty of RSP under Section 22-3232. The court sentenced Mr. Lucas to a 180-day term of incarceration, with all but thirty days suspended, followed by a one-year term of supervised probation, and ordered him to make a $50 payment to the Victims of Violent Crime Compensation Fund. Mr. Lucas timely appealed.

## II.    Standard of Review

This case presents a question of statutory interpretation, which we review de novo. *Reese v. Newman*, 131 A.3d 880, 884 (D.C. 2016). To the extent that the

question implicates the trial court's subject-matter or territorial jurisdiction, we also review such questions de novo. *Dobyns v. United States*, 30 A.3d 155, 157 (D.C. 2011); *Dyson v. United States*, 848 A.2d 603, 609 (D.C. 2004).

### III.    Discussion

Mr. Lucas was convicted of violating D.C. Code § 22-3232, an offense entitled "Receiving Stolen Property." A person commits the offense of RSP if that person "buys, receives, possesses, or obtains control of stolen property, knowing or having reason to believe that the property was stolen." D.C. Code § 22-3232(a). The central issue before us is whether Mr. Lucas "possess[ed]" stolen property in the District within the meaning of the statute.

The parties offer competing readings of Section 22-3232. Mr. Lucas argues that "possesses" means "takes possession"—and because he took possession of Mr. Scott's property in Maryland, he committed no offense in the District. The government maintains that "possesses" refers to the act of being in possession of stolen property, regardless of where that possession began. Statutory text, legislative history, and persuasive authority from other jurisdictions convince us that "possesses," in this context, is not limited to the moment of taking possession but includes the entire period during which the defendant is in possession of the stolen property. Mr. Lucas indisputably possessed Mr. Scott's property in the District

while knowing that it was stolen, and he therefore committed the offense of RSP under Section 22-3232.

### A.    Statutory Text and Context

When faced with a question of statutory interpretation, "[o]ur analysis starts with the plain language of the statute" and assumes "'that the intent of the lawmaker[s] is to be found in the language that [they] used.'" *Reese*, 131 A.3d at 884 (quoting *Tippett v. Daly*, 10 A.3d 1123, 1126 (D.C. 2010)). The plain language of Section 22-3232 indicates that "possesses" refers to the act of being in possession of stolen property rather than the momentary act of taking possession of the property.

The D.C. Code does not define "possesses." *See* D.C. Code §§ 22-1801, 1802 (defining terms used in Title 22, but not defining "possesses"). When the statute does not define the term in question, "it is appropriate for us to look to dictionary definitions to determine [its] ordinary meaning." *Tippett*, 10 A.3d at 1127; *see Wynn v. United States*, 80 A.3d 211, 218 (D.C. 2013) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979))). *Black's Law Dictionary* defines "possess" as "[t]o have in one's actual control; to have possession of." *Possess*, *Black's Law Dictionary* (11th ed. 2019). The *Oxford English Dictionary* defines "possess," for legal

purposes, as "[t]o have possession of, as distinct from ownership." *Possess*, *Oxford English Dictionary* 171, 2(b) (2d ed. 1989). Both definitions suggest that the ordinary meaning of "possesses" is to *have* possession, rather than to *take* possession. *Reese*, 131 A.3d at 884 (quoting *Tippett*, 10 A.3d at 1126). The term had the same meaning when the modern RSP statute was enacted.[1] *See Possess*, *Black's Law Dictionary* (5th ed. 1979) (defining "possess," in relevant part, as "to have in one's actual and physical control . . . to have and hold as property"); *see also Tilley v. United States*, 238 A.3d 961, 970 (D.C. 2020) (looking to definition of term at the time of the statute's enactment).

Mr. Lucas resists the ordinary meaning, invoking the principle of *noscitur a sociis*—the idea that "a word [or phrase] is known by the company it keeps." *Burke v. Groover, Christie & Merritt, P.C.*, 26 A.3d 292, 302 n.8 (D.C. 2011) (alteration in original) (quoting *Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307 (1961)). Because the other three acts that Section 22-3232 prohibits—"buys, receives . . . or obtains control"—refer to the moment of acquisition, he argues that "possesses" should similarly be read to mean "takes possession." D.C. Code § 22-3232(a). But *noscitur a sociis* is "not an inescapable rule," *Burke*, 26 A.3d at 302 n.8 (quoting

---

[1] "[P]ossesses" and "obtains control" were added to Section 22-3232 (then codified as D.C. Code § 22-2205) in 1982. *See infra* Part III.B.

*Jarecki*, 367 U.S. at 307), and need not be applied where, as here, a plain-meaning approach resolves the meaning of statutory language, *see Bilski v. Kappos*, 561 U.S. 593, 603-04 (2010) (declining to apply *noscitur a sociis* where the statutory term at issue was unambiguous); *Russell Motor Car Co. v. United States*, 261 U.S. 514, 520 (1923) (declining to apply *noscitur a sociis* where the terms at issue were not "of obscure or doubtful meaning"); *see also Yates v. United States*, 574 U.S. 528, 564 (2015) (Kagan, J., dissenting) ("[W]hen words have a clear definition, and all other contextual clues support that meaning, the canons cannot properly defeat [the lawmakers'] decision to draft broad legislation."). We therefore decline to apply *noscitur a sociis* here.

Looking to statutory context, Mr. Lucas argues that the statute's title, "Receiving Stolen Property," confirms that the statute criminalizes only the act of taking possession of stolen property. D.C. Code § 22-3232. But "titles are of limited utility when weighed against plain statutory language." *Facebook, Inc. v. Wint*, 199 A.3d 625, 629 (D.C. 2019). A statute's title "may be a 'useful aid in resolving an ambiguity,'" but it "cannot limit the plain meaning of the text." *Mitchell v. United States*, 64 A.3d 154, 156 (D.C. 2013) (first quoting *F.T.C. v. Mandel Bros.*, 359 U.S. 385, 389 (1959); then quoting *Pa. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 212 (1998)). Here, the statutory text strongly suggests that "possesses" refers to the act of being in possession. The statute's title does not override that plain meaning.

*Cf.* Criminal Jury Instructions for the District of Columbia, No. 5.301 (5th ed. 2021) (referring, in a comment to the relevant jury instruction, to the title of Section 22-3232 as "somewhat of a misnomer, since the statute now proscribes possession as well"). Mr. Lucas also argues that Section 22-3232 does not make RSP a continuing offense for statute of limitations purposes, and thus "possesses" must be read as "takes possession" rather than "has possession." This court has never determined whether RSP is a continuing offense for statute of limitations purposes, and our sister courts are divided on the issue. *Compare State v. Lawrence*, 312 N.W.2d 251, 252-53 (Minn. 1981) (holding that RSP is a continuing offense for statute of limitations purposes and that "the word 'possessing' . . . was intended to denote a continuing offense"), *with State v. Nuss*, 454 N.W.2d 482, 483-84, 487 (Neb. 1990) (holding that "theft by receiving" is not a continuing offense for statute of limitations purposes). We need not resolve the statute of limitations question today, however, because that inquiry is distinct. To determine whether an offense is "continuing" for statute of limitations purposes, we ask whether the legislature clearly intended to prohibit a continuing course of conduct. *See* D.C. Code § 23-113(b) (an offense is continuing for statute of limitations purposes "if a legislative purpose to prohibit a continuing course of conduct plainly appears"). But to determine whether Mr. Lucas committed RSP in the District, we ask a different question: can one "possess" property, within the meaning of the RSP statute, in a

different jurisdiction from where one received it? Today we ask and answer only the latter question, because only that question is properly before us.

## B. Legislative History

We may look to legislative history to ensure that our interpretation of a statute comports with legislative intent. *Facebook, Inc.*, 199 A.3d at 628. Here, the legislative history of Section 22-3232 confirms that the Council of the District of Columbia intended "possesses" to mean "has possession" rather than "takes possession."

"[P]ossesses" and "obtains control" were added to Section 22-3232 (then codified as D.C. Code § 22-2205) in 1982. *See* Extension of Comments on Bill No. 4-133, at 53 (July 20, 1982) (submitted by David A. Clarke). As the Chairperson of the Council's Committee on the Judiciary explained, the revised statute was intended "to cover an entire range of conduct from the initial acquisition of the property through continued use or disposition of the property." *Id.* Lawmakers included multiple terms instead of simply using the term "receiving" because "the requisite knowledge that the property has been stolen can be acquired at any time during the course of one's dominion or control over the property." *Id.* Under the revised law, someone who received property, learned later that it had been stolen, and "in the face of that knowledge continue[d] his control of it" would be

guilty of receiving stolen property. *Id.* The Council thus intended to criminalize mere possession of stolen property—independent of receipt—by amending Section 22-3232.

### C.   Authority from Other Jurisdictions

Our reading of the RSP statute also comports with how our sister courts have interpreted analogous statutes.[2] Courts in at least three states with similar RSP statutes have held that a person who receives stolen property out of state and transports it into the forum state can be convicted of RSP in the forum state.[3] *See Hayes v. Commonwealth*, 698 S.W.2d 827, 828, 830 (Ky. 1985) (holding that an individual who obtained stolen property in Tennessee and brought it into Kentucky could be found guilty of RSP in Kentucky, although he could not be guilty of theft); *State v. Red Kettle*, 476 N.W.2d 220, 227-28 (Neb. 1991) (holding that an individual

---

[2] While our court has not been called upon to interpret "possesses" in the RSP statute before, we note that we have previously upheld convictions for RSP based on evidence of possession, not receipt, in the District. *See Byrd v. United States*, 598 A.2d 386, 387-88 & n.3 (D.C. 1991) (en banc) (upholding an RSP conviction based on evidence that the defendant possessed a stolen car in the District); *In re R.K.S.*, 905 A.2d 201, 217-20 (D.C. 2006) (upholding an RSP conviction where defendants stole a car in Maryland and drove it into the District).

[3] We note that, while analogous, these statutes are not identical to the District's in that they prohibit "retain[ing]" rather than "possess[ing]" stolen property. *See Hayes v. Commonwealth*, 698 S.W.2d 827, 830 (Ky. 1985); *State v. Red Kettle*, 476 N.W.2d 220, 227 (Neb. 1991); *Commonwealth v. Kuykendall*, 465 A.2d 29, 31 n.5 (Pa. Super. Ct. 1983).

who stole a car in South Dakota and drove it into Nebraska was guilty of theft by receiving stolen property in Nebraska); *Commonwealth v. Kuykendall*, 465 A.2d 29, 30-31 (Pa. Super. Ct. 1983) (holding that a defendant who stole a car in New York and drove it to Pennsylvania was guilty of "theft by receiving stolen property" in Pennsylvania).

To be sure, there is at least one case going the other way, but we view it as distinguishable. In *State v. Brooks*, 348 So. 2d 417 (Fla. Dist. Ct. App. 1977), a divided panel of an intermediate appellate court held that the defendant could not be prosecuted under Florida's RSP statute for "retaining" property he had stolen in Arizona. *Id.* at 417-18.[4] The *Brooks* court appears to have grounded its analysis in the logic of double jeopardy: if "a lone thief cannot be convicted of receiving the same property he stole," then "he cannot be convicted of retaining property stolen by him." *Id.* at 418. But double jeopardy is inapplicable where the defendant is (or could be) prosecuted by two separate sovereigns—here, Maryland and the District

---

[4] The defendant had been charged under a since-repealed statute that provided: "[w]hoever intentionally receives, retains, disposes, or aids in concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, commits an offense." Fl. Stat. Ann. § 812.031(1) (1975).

of Columbia. *See Gamble v. United States*, 139 S. Ct. 1960, 1963-64 (2019) (affirming the dual-sovereignty exception to the Double Jeopardy Clause).

\* \* \*

Statutory text, legislative history, and authority from other jurisdictions all point in the same direction: "possesses," in the context of the RSP statute, refers to the act of being in possession of stolen property rather than the singular act of taking possession of the property.[5] It is therefore immaterial that Mr. Lucas took

---

[5] The government also argues—for the first time on appeal—that the trial court had jurisdiction under D.C. Code § 22-1808, relying on our recent decision in *Kelly v. United States*, 281 A.3d 610 (D.C. 2022). Because we uphold Mr. Lucas's conviction under Section 22-3232, we need not address Section 22-1808. We note, however, that to the extent the court in *Kelly* suggested that Section 22-1808 can apply when not charged in the indictment, *cf. Price v. United States*, 813 A.2d 169, 176 (D.C. 2002) (holding that aiding and abetting under D.C. Code § 22-1805 is a theory of liability that need not be charged in the indictment), that is not only in tension with earlier cases treating it as a substantive criminal offense, *see Arnstein v. United States*, 296 F. 946, 947 (D.C. Cir. 1924) (charging an earlier version of Section 1808 as a substantive offense in the indictment); *United States v. Lemonakis*, 485 F.2d 941, 966 (D.C. Cir. 1973) (holding that a conviction under D.C. Code § 22-108—an identical predecessor to Section 22-1808—was "mutually exclusive" with a conviction for burglary and grand larceny); *cf. Williams v. United States*, 478 A.2d 1101, 1106 (D.C. 1984) (holding that the crime of being an accessory after the fact under D.C. Code § 22-1807 "must be distinctly charged in the indictment"), but also seemingly incorrect of its own accord. Section 22-1808 appears from its text, early interpretations, legislative history, and placement in the D.C. Code to be not a jurisdictional statute but a substantive criminal law that proscribes individuals from obtaining property (or something of value) by means that would have violated a separate D.C. law had the act occurred in the District and either (1) bringing that property into the District or (2) possessing that property within the District. As such,

possession of Mr. Scott's property outside of the District. Because Mr. Lucas indisputably possessed stolen property in the District, knowing it to be stolen, he committed RSP.

## IV.    Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed.

*So ordered.*

---

Section 22-1808 cannot be invoked retroactively to cure jurisdictional defects where it was not charged as a substantive offense.